J-S27036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PATRICK J. KELLY :
:
Appellant : No. 2162 EDA 2019

Appeal from the Order Entered June 27, 2019
In the Court of Common Pleas of Carbon County Criminal Division at
No(s): CP-13-CR-0000551-2013

BEFORE: SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JUNE 29, 2020**

Appellant Patrick J. Kelly appeals the order of the Court of Common
Pleas of Carbon County denying his "Motion to Bar Applicability of Sex
Offender Registration and/or Petition for Writ of *Habeas Corpus*," which the
lower court properly characterized as an untimely petition under the Post-
Conviction Relief Act (PCRA).[1]  We affirm.

On April 29, 2016, Appellant pled guilty to Indecent Assault in
connection with criminal conduct that occurred between January 1, 2011 and
December 31, 2012.  Following an evaluation, the Sexual Offender
Assessment Board (SOAB) determined that Appellant was not a sexually
violent predator.  On July 5, 2016, the trial court imposed a sentence of
incarceration.  As part of the plea process, Appellant acknowledged verbally

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

on the record and in a written colloquy that he was required to register pursuant to Pennsylvania Sex Offender Registration and Notification Act (SORNA)[2] for a fifteen-year period. Appellant did not file a direct appeal.

On September 15, 2017, Appellant filed the instant "Motion to Bar Applicability of Sex Offender Registration and/or Petition for Writ of *Habeas Corpus*." Appellant cited to **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), in which our Supreme Court held that the retroactive application of SORNA's registration and reporting requirements violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions.[3] Appellant asserted that he cannot be required to comply with SORNA's registration requirements as his offenses all occurred prior to SORNA's effective date. On November 27, 2018, the lower court held a hearing on Appellant's petition.

On June 27, 2019, the lower court issued a Memorandum and Order, construing Appellant's filing as an untimely PCRA petition. The lower court

---

[2] 42 Pa.C.S.A. §§ 9799.10-9799.42 ("SORNA I").

[3] In response to **Muniz**, the General Assembly passed SORNA II, which became effective on June 12, 2018. Act of Feb. 21, 2018, P.L. 27, No. 10 (Act 10); Act of June 12, 2018, P.L. 140, No. 29 (Act 29). SORNA II is

> divided into two distinct subchapters – Subchapter H, which applies to "individuals who committed a sexually violent offense on or after December 20, 2012, for which the individual was convicted[,]" 42 Pa.C.S. § 9799.11(c), and Subchapter I, which applies to individuals who committed a sexually violent offense "on or after April 22, 1996, but before December 20, 2012," and whose period of registration has not yet expired or whose registration requirements under a former sexual offender registration law have not expired. 42 Pa.C.S. § 9799.52.

**Commonwealth v. Moore**, 222 A.3d 16, 20 (Pa.Super. 2019).

reasoned that Appellant could not rely on the decision in **Muniz** to satisfy the PCRA timeliness exception under 42 Pa.C.S.A § 9545(b)(1)(iii) based on a newly-recognized constitutional right, as he failed to demonstrate that the Pennsylvania Supreme Court held that **Muniz** applies retroactively on collateral review.  This timely appeal followed.

As a preliminary matter, we must determine whether the lower court correctly characterized Appellant's filing as a PCRA petition.  This Court has consistently held that "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition." **Commonwealth v. Torres**, 223 A.3d 715, (Pa.Super. filed Nov. 25, 2019) (citations omitted).  Generally, the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies ... including habeas corpus and coram nobis." **Commonwealth v. Descardes**, 635 Pa. 395, 136 A.3d 493, 497–98 (2016) (citing 42 Pa.C.S.A. § 9542).  The PCRA is "the exclusive vehicle for obtaining post-conviction collateral relief… regardless of the manner in which the petition is titled."  **Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa.Super. 2001).  **See Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa.Super. 2013) (finding "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*").

In **Commonwealth v. Jackson**, 30 A.3d 516 (Pa.Super. 2011), this Court held that the trial court correctly characterized the defendant's motion to correct illegal sentence as a PCRA petition, broadly stating that "any petition

- 3 -

filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Id*. at 521-22. Similarly, the trial court correctly determined that Appellant's petition, filed after his judgment of sentence become final, should have been characterized as a PCRA petition.

As such, the PCRA court did not have jurisdiction to review Appellant's PCRA petition unless it was timely filed. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted). Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

In this case, Appellant's judgment of sentence became final on August 4, 2016, when the time period for seeking a direct appeal expired. *See* Pa.R.A.P. 903(a) (stating that a "notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken). As a result, Appellant had until August 4, 2017 to file a timely PCRA petition. Thus, Appellant's petition filed on September 15, 2017, is facially untimely.

Appellant does not argue that any of the PCRA timeliness exceptions apply. Moreover, the *Muniz* decision does not allow a petitioner to escape the PCRA time-bar as it does not satisfy the newly-recognized constitutional right exception as set forth in Section 9545(b)(1)(iii). This Court explained this point in *Commonwealth v. Murphy*, 180 A.3d 402 (Pa.Super. 2018):

> Appellant's reliance on *Muniz* cannot satisfy the [timeliness] exception of [S]ection 9545(b)(1)(iii). In *Commonwealth v. Abdul-Salaam*, 571 Pa. 219, 812 A.2d 497 (2002), our Supreme Court held that,
>
> > [s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this [C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.
>
> *Id.* at 501.

Here, we acknowledge that this Court has declared that, "***Muniz*** created a substantive rule that retroactively applies in the collateral context." ***Commonwealth v. Rivera-Figueroa***, 174 A.3d 674, 678 (Pa.Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in ***Rivera-Figueroa***), he must demonstrate that the Pennsylvania Supreme Court has held that ***Muniz*** applies retroactively in order to satisfy [S]ection 9545(b)(1)(iii). ***See Abdul-Salaam***, ***supra***. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on ***Muniz*** to meet that timeliness exception.

***Murphy***, 180 A.3d at 405-406.

As Appellant cannot rely upon ***Muniz*** to excuse the untimeliness of his PCRA petition and Appellant does not plead or prove any of the PCRA timeliness exceptions, the lower court correctly dismissed his petition. Accordingly, we affirm the lower court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/29/20</u>