J-A05023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOEL J. BERRIOS | : | |
| | : | |
| Appellant | : | No. 1653 EDA 2019 |

Appeal from the PCRA Order Entered September 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015025-2012

BEFORE:   OLSON, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 21, 2021**

Appellant Joel J. Berrios appeals from the order denying his first, timely Post Conviction Relief Act[1] (PCRA) petition following an evidentiary hearing. Appellant's present counsel, Stephen T. O'Hanlon, Esq. (present counsel),[2] has filed a motion to withdraw in this Court and a **_Turner_**/**_Finley_**[3] Brief.  We affirm and grant present counsel's motion to withdraw.

The PCRA court summarized the factual and procedural history as follows: "[O]n January 19, 2012, [A]ppellant shot and killed Japeth Allen on

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Present counsel did not represent Appellant at the PCRA hearing.  The PCRA court appointed present counsel to represent Appellant on this appeal from the denial of his PCRA petition.

[3] **_Commonwealth v. Turner_**, 544 A.2d 927 (Pa. 1988); **_Commonwealth v. Finley_**, 550 A.2d 213 (Pa. Super. 1988) (_en banc_).

the 600 block of West Huntingdon Park Avenue in southwest Philadelphia. Ballistic evidence, cell phone records, and post–crime inculpatory comments made by Appellant established his guilt." PCRA Ct. Op., 9/23/19, at 1-2 (record citations omitted).

On October 17, 2013, Appellant entered a negotiated guilty plea to charges of third-degree murder, criminal conspiracy, and carrying a firearm without a license.[4] That same day, the trial court imposed the agreed-upon sentence of nineteen to forty years' incarceration. At the time of the guilty plea and sentencing, Roger Schrading, Esq. (plea counsel) of the Defender Association represented Appellant. Appellant did not file post-sentence motions or a notice of appeal.

Appellant filed a *pro se* PCRA petition on June 14, 2014, claiming that plea counsel was ineffective for not filing post-sentence motions and a direct appeal. Appellant filed an amended *pro se* PCRA petition asserting that his mandatory minimum sentence under 42 Pa.C.S. § 9714 violated ***Apprendi v. New Jersey***, 530 U.S. 466 (2000). Subsequently, the PCRA court appointed Earl G. Kauffman, Esq. (PCRA counsel) to represent Appellant. PCRA counsel filed an amended petition on December 15, 2017, alleging that plea counsel provided ineffective assistance of counsel by not filing a notice of appeal from the judgment of sentence. Am. PCRA Pet., 12/16/17, at 2; Mem. of Law, 12/16/17, at 1-3. PCRA counsel also noted that Appellant wanted to request

_____

[4] 18 Pa.C.S. §§ 2502(c), 903, and 6106(a)(1), respectively.

- 2 -

reconsideration of his sentence and that his sentence was illegal under *Alleyne v. United States*, 570 U.S. 99 (2013). Am. PCRA Pet., 12/16/17, at 2; Mem. of Law, 12/16/17, at 3-5.[5] PCRA counsel concluded that these sentencing claims were meritless. Am. PCRA Pet., 12/16/17, at 2; Mem. of Law, 12/16/17, at 3-5. PCRA counsel only sought relief on the claim of ineffective assistance of plea counsel. Am. PCRA Pet., 12/16/17, at 2-3; Mem. of Law, 12/16/17, at 2-3, 5.

The PCRA court conducted evidentiary hearings on September 25, 2018 and September 27, 2018, at which plea counsel and Appellant testified. Plea counsel testified that he did not recall Appellant requesting that he file a post-sentence motion or a motion for reconsideration. N.T., 9/25/18, at 9. Plea counsel stated that it was his practice to file an appeal if requested, even when the guilty plea limited the issues that could be raised on appeal. *Id.* at 9, 12. Plea counsel did not recall Appellant requesting that he file an appeal. *Id.* at 10. Plea counsel also testified that he would have explained to Appellant that because he pleaded guilty, the issues he could raise on appeal were limited and he had a low likelihood of success on appeal. *Id.* at 13. Plea counsel stated: "I certainly never would've said he had no right to an appeal." *Id.* During the hearing, the Commonwealth showed plea counsel two letters Appellant had sent to the Defender Association and one letter from plea

---

[5] The pages of the memorandum of law are mis-numbered, the fourth page lacks a page number and the fifth page is numbered as the fourth. We have corrected the numbering in our citations.

counsel to Appellant, collectively marked as Exhibit C-2. *Id.* at 10, 16. One letter was dated November 13, 2013 and addressed to plea counsel; the second letter was dated November 25, 2013 and addressed to another attorney with the Defender Association. *Id.* at 11. Plea counsel explained that in the letters, Appellant requested clarification about how his sentences were structured, *i.e.*, whether the sentences would run concurrently and how it would affect the credit he received for time served. *Id.* at 10-11. Plea counsel responded to Appellant's question about time credit on November 20, 2013. *Id.* at 14. Plea counsel testified that Appellant did not request plea counsel file an appeal in these letters. *Id.* at 11, 14-15.

Appellant testified at the PCRA hearing that plea counsel only informed him that he had ten days to file a motion to withdraw the guilty plea, and did not tell him that he had thirty days to file an appeal. N.T., 9/27/18, at 5. Appellant claimed that when he was signing the written guilty plea colloquy, he asked plea counsel about an appeal and his counsel asked him what were his grounds to appeal. *Id.* at 6. Appellant stated that he believed plea counsel's response meant he had no grounds to appeal. *Id.* at 6-8. Appellant conceded that he did not ask plea counsel to file an appeal in the letters he sent to the Defender Association's office. *Id.* at 11.

At the conclusion of the hearing, the PCRA court stated:

We heard from [plea counsel]. We heard from [Appellant]. [Plea counsel] recalled this case and that [Appellant] had never asked for an appeal. In fact, he never asked for an appeal. In fact, it was a negotiated guilty plea in which he accepted the offer and was aware of what the sentence was. Based on a review of all the

facts and having heard from the witnesses in this case, [Appellant's] motion is denied.

*Id.* at 14; *see also* PCRA Ct. Op. at 2 (stating that the PCRA court found Appellant's testimony not credible). The PCRA court issued a written order memorializing its decision that same day.

Appellant initially did not file an appeal from the denial of his PCRA petition. On March 11, 2019, Appellant filed a second *pro se* PCRA petition, alleging that PCRA counsel abandoned him by not filing a notice of appeal from the denial of his PCRA petition. The PCRA court granted the petition and reinstated Appellant's right to appeal the September 27, 2018 order denying his PCRA petition *nunc pro tunc* on June 4, 2019. Also, the PCRA court appointed present counsel to represent Appellant on appeal.

Appellant filed a timely notice of appeal following the reinstatement of his appellate rights *nunc pro tunc*. Present counsel subsequently filed a Pa.R.A.P. 1925(c)(4) statement, indicating his intent to withdraw pursuant to *Finley* and identifying three issues Appellant sought to raise on appeal. The PCRA court filed a Rule 1925(a) opinion addressing the issues Appellant raised in the Rule 1925(c)(4) statement.

Thereafter, counsel filed a motion to withdraw as counsel and a *Finley* letter of no merit (*Turner*/*Finley* brief) in this Court. On November 14, 2019, Appellant filed an application for relief seeking to file a *pro se* brief.[6] On

_____

[6] In his application for relief, Appellant set forth the same three issues he wished to argue on appeal that appear in the Rule 1925(c)(4) statement and

December 3, 2019 this Court remanded this case to the PCRA court for Appellant to file a supplemental Rule 1925(b) statement and for the trial court to prepare a supplemental opinion addressing any issues Appellant might raise. On September 17, 2020 the PCRA court filed a response indicating that Appellant had not filed a Rule 1925(b) statement within the time allotted in our order and returned the record to this Court.

Present counsel's **Turner**/**Finley** brief identifies three issues, which we summarize as follows:

1. Appellant's sentence was illegal because the trial court did not provide a contemporaneous reason for deviating from the sentencing guidelines.

2. Appellant's sentence was illegal because the trial court failed to order a pre-sentence investigation report (PSI).

3. The third-degree murder statute is impermissibly vague.

**Turner**/**Finley** Brief at 3-5. Appellant has not filed a *pro se* brief or retained private counsel for this appeal.

Before we address the issues identified by present counsel, we must first address whether counsel has fulfilled the procedural requirements for withdrawing his representation. When counsel seeks to withdraw representation in a collateral appeal, the following conditions must be met:

Counsel petitioning to withdraw from PCRA representation must proceed . . . under **Turner** . . . and **Finley**,. . . must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-

present counsel's **Turner**/**Finley** brief. **Compare** App. for Relief, 11/14/19, at 1-2 **with** Rule 1925(c)(4) Statement, 9/10/19, at 1-2, **and Turner**/**Finley** Brief at 3-5.

merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

* * *

[W]here counsel submits a petition and no-merit letter that . . . satisfy the technical demands of ***Turner/Finley***, the [court in which the application was filed, meaning the trial court or the appellate court] must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted and some formatting altered).

Here, present counsel described the extent of his review, evaluated the issues Appellant identified, and concluded that all of Appellant's issues are meritless. In addition, counsel has included a letter he sent to Appellant containing a copy of his motion to withdraw and a copy of the ***Turner/Finley*** brief. In the letter, counsel advised Appellant of his right to proceed *pro se* or through privately retained counsel. Therefore, we conclude that present counsel has complied with the requirements necessary to withdraw as counsel. ***See Doty***, 48 A.3d at 454. We now independently review Appellant's claims to determine whether they entitle him to relief.

The first two issues identified in present counsel's ***Turner***/***Finley*** brief relate to Appellant's sentence, therefore we will summarize them together. Appellant's first issue is that his sentence of nineteen to forty years' incarceration is illegal because the trial court did not provide a contemporaneous statement explaining its reasons for deviating from the sentencing guidelines. ***Turner***/***Finley*** Brief at 3. In the second issue, Appellant claims that his sentence is illegal because the trial court failed to order a PSI. ***Id.*** at 4-5. Counsel maintains that both of these claims are without merit and cannot be presented to this Court on PCRA review. ***Id.*** at 3-5.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted). Further, "[a]ny claim not raised in the PCRA petition is waived and not cognizable on appeal." ***Commonwealth v. Washington***, 927 A.2d 586, 601 (Pa. 2007) (citations omitted); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

This Court has explained:

> The phrase "illegal sentence" is a term of art in Pennsylvania Courts that is applied to three narrow categories of cases. Those categories are: (1) claims that the sentence fell "outside of the legal parameters prescribed by the applicable statute"; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in **Apprendi v. New Jersey**, 530 U.S. 466 . . . (2000).
>
> The latter category includes claims that arise under the progeny of **Apprendi**, including **Alleyne v. United States**, 570 U.S. 99 . . . (2013). Additionally, this Court has also held that claims pertaining to the Eighth Amendment's Cruel and Unusual Punishment Clause also pertain to the legality of the sentence.

**Commonwealth v. Smith**, 194 A.3d 126, 137 (Pa. Super. 2018) (some citations omitted and some formatting altered), *appeal denied*, 208 A.3d 64 (Pa. 2019).

A claim that the trial court departed from the sentencing guidelines without stating adequate reasons for the departure implicates the discretionary aspects of sentence, not its legality. **See Commonwealth v. Griffin**, 804 A.2d 1, 6-7 (Pa. Super. 2002) (noting that a claim that trial court failed to give sufficient reasons on the record for its deviation from the guidelines implicates the discretionary aspects of sentence). Likewise, "a claim that the court erred in failing to order a PSI report raises a [challenge to the] discretionary aspect of sentencing . . . ." **Commonwealth v. Flowers**, 950 A.2d 330, 331 (Pa. Super. 2008). This Court has held that "claims regarding the discretionary aspects of sentence are not cognizable under the PCRA." **Commonwealth v. Torres**, 223 A.3d 715, 716-17 (Pa. Super. 2019) (citing 42 Pa.C.S. § 9543(a)(2)(vii)).

Instantly, we note that Appellant's claims that the trial court erred by failing to explain its departure from the sentencing guidelines and by not ordering a PSI are waived for this appeal because he did not raise them before the PCRA court. *See Washington*, 927 A.2d at 601; *see also* Pa.R.A.P. 302(a). Although framed as challenges to the legality of his sentence, Appellant's claims implicate the discretionary aspects of sentence. *See Flowers*, 950 A.2d at 331; *Griffin*, 804 A.2d at 6-7. Therefore, even if Appellant had preserved these claims for appellate review by presenting them to the PCRA court, they are not cognizable under the PCRA. *See Torres*, 223 A.3d at 716-17. Accordingly, we agree with present counsel that these claims cannot be considered in this appeal.

The third issue identified by present counsel is Appellant's claim that the third-degree murder statute, 18 Pa.C.S. § 2502(c), is impermissibly vague. *Turner*/*Finley* Brief at 5-6. Present counsel states that this claim was not preserved and there is no legal authority to support the claim. *Id.*

Section 2502 defines third-degree murder as "[a]ll other kinds of murder. . . ." 18 Pa.C.S § 2502(c). Our Supreme Court has stated that "[a] statute may be deemed to be unconstitutionally vague if it fails in its definiteness or adequacy of statutory expression. This void-for-vagueness doctrine . . . implicates due process notions that a statute must provide reasonable standards by which a person may gauge his future conduct, i.e., notice and warning." *Commonwealth v. Ludwig*, 874 A.2d 623, 628 (Pa. 2005) (citation omitted). "A statute will only be found unconstitutional if the

statute is so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application." ***Commonwealth v. Brensinger***, 218 A.3d 440, 456 (Pa. Super. 2019) (citation and quotation marks omitted).

Appellant's intended claim that Section 2502(c)'s definition of third-degree murder is void for vagueness is waived for appellate review because Appellant did not raise this claim before the PCRA court.[7] ***See Washington***, 927 A.2d at 601; ***see also*** Pa.R.A.P. 302(a). Therefore, we agree with present counsel's conclusion that no appellate relief is due.

Based on our independent review of the record, we agree with present counsel that the claims Appellant intended to raise on appeal do not provide

---

[7] We note that this Court previously held that a void-for-vagueness challenge to a sentencing statute could be raised in a petition for writ of *habeas corpus* because such a claim was not cognizable under the PCRA. ***See Commonwealth v. Rouse***, 191 A.3d 1, 6-7 (Pa. Super. 2018); ***cf. Commonwealth v. Torres***, 541 EDA 2020, 2020 WL 6888178 (Pa. Super. filed Nov. 24, 2020) (unpublished mem.) (applying ***Rouse*** to conclude that the trial court properly regarded a petitioner's filing claiming that Section 2502(c), defining third-degree murder, and Section 1102(d), defining the penalties for third-degree murder, were void for vagueness as a petition for *habeas corpus* relief). However, the Supreme Court of Pennsylvania recently held in ***Commonwealth v. Moore***, ____ A.3d ____, 14 EAP 2019, 2021 WL 1133063 (Pa. filed Mar. 25, 2021), that such claims must be raised under the PCRA and expressly overruled ***Rouse***. ***Moore***, 2021 WL 1133063 at *6-*7. We add that, here, Appellant's intended void-for-vagueness claim implicates his guilt or innocence for the underlying offense, and not the legality of his sentence.

a basis for appellate relief.[8]  ***See Doty***, 48 A.3d at 454.  Therefore, present counsel is entitled to withdraw from representing Appellant.

Order affirmed.  Application to withdraw as counsel granted.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *4/21/2021*

---

[8] Present counsel's ***Turner***/***Finley*** brief refers in passing to Appellant's initial claim that plea counsel was ineffective for failing to file a direct appeal. However, based on counsel's representations and Appellant's *pro se* application for relief, it appears that Appellant intended to abandon this claim in the present appeal.  In any event, the PCRA court concluded that Appellant's claim that he requested trial counsel file a direct appeal was not credible.  ***See*** PCRA Ct. Op. at 2.  The PCRA court's credibility determination is binding on this Court.  ***See Mitchell***, 105 A.3d at 1265.  Based on our review of the record, we agree with the PCRA court that Appellant failed to establish trial counsel was ineffective for not filing a direct appeal.  ***See Ousley***, 21 A.3d at 1242.