J-S22032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARK EDWARD ROGERS | : | |
| | : | |
| Appellant | : | No. 1503 MDA 2020 |

Appeal from the PCRA Order Entered November 9, 2020
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000316-2016

BEFORE: PANELLA, P.J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED: AUGUST 9, 2021**

Mark Edward Rogers (Rogers) appeals *pro se* from the order entered in the Court of Common Pleas of Franklin County (PCRA court) dismissing his first timely petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Roger challenges the effectiveness of his trial counsel and the legality of his sentence.[1] We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S. § 9543(a)(2)(ii), (vii) (providing eligibility for PCRA relief on bases of ineffective assistance of counsel and illegal sentencing claims).

**I.**

**A.**

The relevant facts and procedural history of this case are as follows. In November 2015, Rogers was charged with 29 offenses arising from evidence that he engaged in oral sex with two girls who were nine and ten years old when he was 54 years old.

On May 8, 2019, Rogers filed, though his attorney Shawn M. Stottlemyer, Esq., a motion *in limine* seeking suppression of incriminating statements he made to police during a September 30, 2015 interview at the Pennsylvania State Police (PSP) barracks in Chambersburg. Although police told him that he was not under arrest and was free to leave at any point, Rogers averred that they should have given him **Miranda**[2] warnings because he was confronted with a search warrant that had been executed on his cellular telephone, and he felt that he had no choice but to answer their questions.

The Commonwealth filed a response and the parties reached an agreement stipulating to the following facts. On September 30, 2015, Rogers drove himself to the PSP barracks at the request of Trooper Baney, who called to advise that he was not under arrest and could leave the meeting at any time; Rogers consented to audio and videotape recording of the interview;

---

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

Troopers Baney and Trace were present in the room with Rogers and Trooper Baney conducted the interview; Trooper Baney provided Rogers with copies of the search warrant that police had served the day before pursuant to which his cellular phone had been seized; Trooper Baney again advised Rogers just prior to the interview and at two additional points during the meeting that he was not under arrest and was free to leave at any time and Rogers continued the interview each time; and Rogers left the barracks on his own accord at the end of the one hour and 43 minute interview. (**See** Stipulated Facts, 5/16/19, at 1-2). The trial court entered an order denying the motion to suppress the incriminating statements Rogers made to police.

The day his jury trial was scheduled to begin, Rogers entered an open guilty plea to two counts of involuntary deviant sexual intercourse with a child (IDSI).[3] In exchange, the Commonwealth *nolle prossed* the remaining charges against him. On July 10, 2019, the trial court imposed a term of 10 to 20 years' incarceration on each of Rogers' convictions and directed that those sentences run consecutively, totaling an aggregate term of 20 to 40 years' imprisonment.

_____

[3] 18 Pa.C.S. § 3123(b). The Commonwealth had initially prepared to go to trial on charges involving four victims. After information regarding Rogers' contact with two of the victims changed, the Commonwealth offered him an agreement to plead guilty to two counts of IDSI for his conduct with the two oldest victims who did not change or recant their disclosures. (**See** Commonwealth's Brief, fn. 1, 2).

Rogers filed a direct appeal in which he challenged the discretionary aspects of his sentence by claiming that the trial court should have imposed concurrent rather than consecutive terms of incarceration. We found his sentencing claim meritless and affirmed his judgment of sentence on March 11, 2020. (*See Commonwealth v. Rogers*, 2020 WL 1174561 (Pa. Super. filed Mar. 11, 2020)). Rogers did not seek further direct review.

**B.**

On August 5, 2020, Rogers, acting *pro se*, filed the instant timely PCRA petition. The PCRA court appointed counsel, who filed a motion to withdraw from representation and a *Turner*/*Finley* no-merit letter[4] on October 6, 2020. Counsel averred that after review of the record and consultation with Rogers regarding the issues he wished to raise, he had found no meritorious grounds for relief. Counsel outlined Rogers' potential claim of ineffective assistance of trial counsel in connection with the unsuccessful litigation of his suppression motion.[5] Counsel also addressed Rogers' assertion that his sentence is illegal because the terms of incarceration on the IDSI convictions were run

---

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] Counsel discussed a second ineffectiveness claim on grounds that Rogers' public defender left that office for a position in the district attorney's office during the pendency of his case. However, Rogers has expressly withdrawn this claim from our consideration on appeal. (*See* Rogers' Brief, at 6).

consecutively instead of concurrently. (**See Turner**/**Finley** no-merit letter, 10/06/20, at 1-3).

The PCRA court entered an opinion on October 14, 2020, in which it found meritless Rogers' two ineffectiveness issues and his sentencing claim objecting to the consecutive terms of incarceration. (**See** PCRA Court Opinion, 10/14/20, at 6-12). The court granted PCRA counsel leave to withdraw and advised Rogers of its intent to dismiss the PCRA petition without a hearing and of his right to respond to the court *pro se* or through privately-retained counsel within 20 days. **See** Pa.R.Crim.P. 907(1). Rogers did not respond. On November 9, 2020, the PCRA court issued its order dismissing the PCRA petition for the reasons stated in its October 2020 opinion. Rogers timely appealed and he and the PCRA court complied with Rule 1925. **See** Pa.R.A.P. 1925(a)-(b).

## II.

## A.

Rogers first challenges the effectiveness of trial counsel in connection with litigation of his motion to suppress the incriminating statements he made to police during his September 2015 interview.[6] Rogers maintains that

---

[6] In reviewing the denial of PCRA relief, our standard of review is limited to whether the record supports the PCRA court's factual determinations and whether its decision is free of legal error. **See Commonwealth v. Lopez**, 249 A.3d 993, 998 (Pa. 2021). "The PCRA court's findings and the evidence
*(Footnote Continued Next Page)*

- 5 -

counsel failed to effectively pursue the motion and that his right to suppression was clear, given he was not **Mirandized** despite Trooper Blaney's hostile interrogation tactics. Rogers claims he was under duress and the influence of alcohol when the trooper "call[ed] him a liar on multiple instances [and] consistently pressured [him] toward telling a fictitious story that he committed the crimes[.]" (Rogers' Brief, at 9). Additionally, according to Rogers, the interview actually occurred on September 29, 2015, the same day the search warrant was issued and not the following day as the Commonwealth asserts, which he contends further contributed to the coercion of the situation.

Rogers' argument is essentially that trial counsel was ineffective merely because he was unsuccessful in having his statements in his interview suppressed. That is not a basis for finding counsel ineffective. Under the PCRA, "[t]o prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." **Commonwealth v. Sarvey**, 199 A.3d 436, 452 (Pa. Super. 2018) (citation omitted.) Here, counsel did litigate the suppression motion, but the trial court found that suppression was not warranted. That is not ineffective assistance of counsel, just an unfavorable decision.

---

of record are viewed in the light most favorable to the Commonwealth as the winner before the PCRA court." **Id.** (citation omitted).

Moreover, not only has he not made out an ineffective assistance of counsel claim, Rogers waived any "allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). Here, because Rogers pled guilty and his direct appeal did not challenge the trial court's suppression ruling, he waived any claim that the court erred in not suppressing his statements. Because this claim was functionally waived by entry of his guilty plea, it cannot be raised in his PCRA petition. *See Commonwealth v. Rachak*, 62 A.3d 389, 391 (Pa. Super. 2012) (concluding PCRA petitioner had waived challenge to guilty plea by not raising it on direct appeal). Simply, the PCRA is not a basis for raising issues that could have been litigated on direct appeal.

Finally, while he did not cite to any argument that trial counsel could have or should have made that rendered counsel's representation ineffective, we briefly address Rogers' generalized claim that counsel was inept just because he was unsuccessful since the necessity for *Miranda* warnings[7]

_____

[7] "If an individual is not advised of his *Miranda* rights prior to custodial interrogation by law enforcement officials, evidence obtained through the interrogation cannot be used against him." *Commonwealth v. Harper*, 230 A.3d 1231, 1236–37 (Pa. Super. 2020) (citation omitted).

> In order to trigger the safeguards of *Miranda*, there must be both custody and interrogation. In deeming an interaction to be a custodial interrogation, the police officer's subjective intent does not govern the determination but rather the reasonable belief of the individual being interrogated.

*(Footnote Continued Next Page)*

during the police interview was clear. While we have stated that this not a basis for a PCRA claim, the PCRA court offered the following analysis:

> The facts of record in this matter do not support Defendant's position. The record reflects that Defendant was not subject to a custodial detention/interrogation that required *Miranda* rights to be administered. In Defendant's own Motion *in Limine* he avers that on September 30, 2015, at 11:00 a.m. he voluntarily drove himself to the PSP Chambersburg barracks for an interview with PSP troopers. Defendant further acknowledged that "he was free to leave at any time and was not under arrest." Additionally, the Commonwealth and the Defendant entered stipulated facts to the Court on May 16, 2019. These stipulated facts acknowledged that Defendant voluntarily drove himself to PSP Chambersburg barracks on September 30, 2015 at 11:00 a.m. When Defendant arrived at the barracks, he signed a visitor log book and was told that the conversation between he and the trooper would be audio and video recorded. Defendant consented to the conversation being audio and video recorded. Prior to the interview beginning, the trooper again informed Defendant he was not under arrest and was free to leave at any time. After approximately an hour and forty minutes, Defendant left the barracks on his own accord. During the interview, the trooper offered Defendant a cup of coffee and informed Defendant two separate times that Defendant was not under arrest and was free to leave; Defendant continued the interview each time and accepted the coffee.

---

> The standard is an objective one, with due consideration given to the reasonable impression conveyed to the person being interrogated. A person is considered to be in custody for the purposes of Miranda when the officer's show of authority leads the person to believe that he was not free to decline the officer's request, or otherwise terminate the encounter.

> The court must consider the totality of circumstances, including factors such as the basis for the detention; the duration; the location; whether the suspect was transferred against his will, how far, and why; whether restraints were used; the show, threat or use of force; and the methods of investigation used to confirm or dispel suspicions.

*Id.* (most citations and quotations marks omitted).

Defendant also avers in this claim that the interview with the PSP actually occurred on September 29, 2015, and that Attorney Stottlemyer was ineffective for failing to raise the claim. This is wholly unsupported by the record and completely contradicted by the set of stipulated facts presented to the Court. Therefore, this claim also fails.

Accordingly, the record reflects that Defendant was not in custody or subject to custodial interrogation that would have required the reading of *Miranda* rights. Defendant was informed on multiple occasions that he was free to leave and was not under arrest. Defendant voluntarily went to the barracks for the interview and voluntarily signed the visitor's log. Defendant consented to the interview being audio and video recorded. For the reasons set forth fully above, Defendant's claim of ineffective assistance of counsel against Attorney Stottlemyer for failing to suppress statements Defendant made to PSP Chambersburg troopers in a voluntary interview in which Defendant was not in custody for purposes of *Miranda* is without merit as the statements Defendant made to police would have been admissible at trial. Attorney Stottlemyer cannot be found ineffective for failing to suppress admissible statements.

(PCRA Ct. Op., at 9-11) (record citations omitted).

We agree with the PCRA court's assessment and conclude that trial counsel diligently litigated the motion to suppress the incriminating statements Rogers voluntarily made to police.

**B.**

Rogers also contends that the sentence he is serving on the IDSI counts to which he pled guilty is illegal. In his appellate brief, Rogers abandons his claim challenging the consecutive running of his terms of incarceration he raised in the PCRA court. Instead, he advances an entirely different argument, specifically, that the trial court sentenced him without being fully aware of all

of the relevant circumstances of his case where, in interviews with authorities, some of the "potential victims had stated nothing had happened . . . [and] one victim maintained her story with CYS interviewers following her initial complaint filed with police." (Rogers' Brief, at 11). Rogers characterizes this as "recantation" evidence and asserts "that counsel knew of the recantation and did nothing to advance the recantation on behalf of his client" before he entered the guilty plea. (*Id.*). Rogers also reiterates his claims that he was under duress and the influence of alcohol at the time he made incriminating statements to police.

First, Rogers has waived this issue because he did not raise it in the PCRA court and is asserting it for the first time on appeal. ***See*** Pa.R.A.P. 302(a) (providing "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"); ***see also Commonwealth v. Cox***, 231 A.3d 1011, 1016–17 (Pa. Super. 2020). As discussed, the only sentencing claim presented to the PCRA court challenged the consecutive rather than concurrent running of his sentences.

Second, although Rogers frames his argument as an illegal sentencing issue, he appears to be challenging the discretionary aspects of his sentence by maintaining that the trial court sentenced him without being fully aware of the pertinent circumstances of his case, *i.e.*, the purported victim recantation. ***See Commonwealth v. Torres***, 223 A.3d 715, 716 (Pa. Super. 2019) ("A claim the trial court failed to consider mitigating circumstances is a challenge

to the discretionary aspects of sentence."). "However, we have held claims regarding the discretionary aspects of sentence are not cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(2)(vii)." *Id.*

Finally, as the PCRA court explained, Rogers already challenged the consecutive running of his terms of incarceration on direct appeal. Hence, he is ineligible for PCRA relief on this basis as well. *See* 42 Pa.C.S. §§ 9543(a)(3), 9544(a)(2) (providing that a PCRA petitioner must establish that the allegation of error has not been previously litigated and providing that an issue has been previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue."); (*see also* PCRA Ct. Op., at 11).

On direct appeal, we concluded with regard to Rogers' consecutive sentences:

> Appellant has failed to convince us that the court abused its discretion in fashioning his aggregate term of incarceration. In explaining Appellant's sentence, the court stated:
>
> > THE COURT: We talked about the circumstances surrounding your involvement with these girls. When I consider the sentence, the law requires me to consider the protection of the public, the impact on the victim and the community, as well as your rehabilitative needs.
> >
> > It's clear from my review of the pre-sentence report, the victim impact statements, and the statements given today by the mothers of these two victims, that the impact is immeasurable on your victims and their families and community beyond. I had letters from grandparents detailing what your conduct has forced them to endure in their family relationships. I weigh that factor very heavily in determining what sentence should be imposed here today. The standard

- 11 -

range is 6 to 20 years on each of the offenses. Your attorney asked that the sentences be served concurrently. They will not be. They will be consecutive sentences for the two individual victims. They each deserve their own individual sentence.

And your sentence will not be at the bottom of the range, nor will it be at the top. I have to make it clear I cannot sentence you for things you did not accept responsibility for. I can only sentence you on these two charges for which you accepted responsibility.

But after weighing the factors of protecting the public, the gravity of the offense, and the impact on the victims, the sentence I'm going to impose are from 10 to 20 years on each of the counts running consecutively. So your sentence will be 20 to 40 years.

(N.T. Sentencing, 7/10/19, at 17-18).

It is apparent from this record that the court considered the requisite statutory factors, pre-sentence report, victim impact statements, facts of Appellant's crimes, applicable sentencing guideline ranges, and the fact that Appellant took responsibility for the two crimes to which he pled guilty. The court was aware of Appellant's age and his lack of a prior criminal record, and it also explicitly stated that it was not sentencing him for the charges that were withdrawn. The court explained that it was imposing consecutive terms because Appellant should serve separate sentences for each of his two victims. Each sentence was in the middle of the standard guideline range. Nothing in this record indicates that Appellant's sentence is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will.

(**Rogers**, **supra** at *3) (case citations omitted).

In sum, although Rogers frames his issue as a challenge to the legality of his sentence, his arguments address its discretionary aspects rather than its legality. Claims taking issue with the discretionary aspects of a sentence are not cognizable under the PCRA. Furthermore, the only sentencing issue

Rogers raised in the PCRA court, challenging the imposition of consecutive instead of concurrent terms of incarceration, was already fully addressed and found meritless on direct appeal and, thus, has been previously litigated for PCRA purposes. For all of these reasons, Rogers is not entitled to PCRA relief on his sentencing claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/09/2021