J-S36008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE LAMONT CROMWELL | : | |
| | : | |
| Appellant | : | No. 400 WDA 2022 |

Appeal from the PCRA Order Entered February 7, 2022
In the Court of Common Pleas of Washington County
Criminal Division at No:  CP-63-CR-0000414-2019

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED: JANUARY 20, 2023**

Appellant, Andre Lamont Cromwell, appeals *pro se* from the February 7, 2022 order of the Court of Common Pleas of Washington County denying Appellant's motion for leave to file an appeal *nunc pro tunc* from the denial of his post-sentence motion.[1]  Upon review, we affirm.

The factual background and the procedural history of the instant matter are undisputed.  Briefly, on December 2, 2020, Appellant entered a guilty plea to possession of a controlled substance, and, on the same day, the trial court sentenced Appellant to a term of one to twelve months' incarceration.  The trial court "noted for the record that Appellant had sufficient credit for time served to satisfy his maximum sentence, and the case remained open solely

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The lower court treated the post-sentence motion as a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

for payment of costs."  PCRA Court Opinion, 5/9/22, at 2 (citing Order of

Sentence, December 2, 2020).

> Thereafter, on August [3], 2021, Appellant filed a *pro se* PCRA Petition,[2] and the [PCRA c]ourt appointed Corrie Woods, Esq., to represent Appellant throughout his PCRA proceedings.  On September 12, 2021, Attorney Woods filed a **Turner**/**Finley**[3] no merit letter and a motion to withdraw as counsel.  The [PCRA c]ourt reviewed the **Turner**/**Finley** letter and agreed with counsel that Appellant was ineligible for PCRA relief because Appellant was no longer "currently serving" a sentence of imprisonment, probation, or parole for his sentence at [the instant case].  Hence, Appellant could not qualify for relief under the PCRA.  The [PCRA c]ourt permitted Attorney Woods to withdraw, and[, on 9/29/21,] gave Appellant notice of its intention to dismiss the PCRA [petition]. . . . The [PCRA c]ourt dismissed the PCRA petition on November 1, 2021.

*Id.* (some citations to the record omitted).

Upon realizing that he would not get relief under the PCRA because he

was no longer eligible for PCRA relief, Appellant changed his strategy.  On

October 25, 2021 (and again on December 14, 2021), Appellant filed a request

to withdraw, *inter alia*, his PCRA petition, and replace it with a "Motion for

Leave to File Post Sentence Motion *Nunc Pro Tunc*,"[4] which the PCRA court

denied on December 16, 2021.

_____

[2] In his *pro se* PCRA petition, Appellant argued ineffective assistance of trial counsel.  **See** PCRA Petition, 8/3/21.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[4] It is a 21-page handwritten document in which Appellant, after rehashing the factual background and the procedural history of the instant matter, argues at length plea counsel's ineffectiveness.  **See** Defendant's Request for Leave to File Post Sentence Motion Nunc pro Tunc, 10/25/21.

On February 2, 2022, Appellant filed a "Motion for Leave to File Notice of Appeal *Nunc Pro Tunc*" seeking to appeal *nunc pro tunc* from the December 16, 2021 order. The PCRA court denied the motion on February 7, 2022. Eventually, on March 4, 2022, Appellant filed a notice of appeal from the December 16, 2021 order, along with a concise statement of matters complained of on appeal.[5] On March 8, 2022, Appellant appealed from the February 7, 2022 order. On April 6, 2022, Appellant filed a concise statement of matters complained of on appeal, challenging, again, the denial of his various motions.

The issue before us is the February 7, 2022 order. Appellant argues that the PCRA court erred in not granting his request to file a post sentence motion *nunc pro tunc* in which Appellant would challenge plea counsel's ineffectiveness. **See** Appellant's Brief at 7. We disagree.[6]

It is undisputed that the PCRA generally is the only remedy available for challenging a final judgment of sentence. **See**, **e.g.**, **Commonwealth v. Descardes**, 136 A.3d 493, 497-98 (Pa. 2016). This Court has consistently held that "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a

---

[5] In his statement, Appellant argued that the PCRA court erred/abused its discretion in denying his various motions, and, substantively, argued that plea counsel was ineffective.

[6] In PCRA appeals, our standard of review is whether the findings of the PCRA court are supported by the record and are free of legal error. **Commonwealth v. Strong**, 761 A.2d 1167, 1170 n. 3 (Pa. 2000).

PCRA petition." ***Commonwealth v. Torres***, 223 A.3d 715, 716 (Pa. Super. 2019) (citations omitted). Moreover, pleadings filed after the judgment of sentence becomes final are to be treated as a PCRA petition regardless of how they are titled, so long as they seek relief provided under the PCRA. ***See***, ***e.g.***, ***Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa. Super. 2013).

A review of the substantive issues Appellant intended to challenge in the PCRA court and before us reveals that Appellant intended to challenge plea counsel's effectiveness, which is squarely within the scope of the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2) (listing, *inter alia*, the ineffective assistance of counsel); ***see***, ***e.g.***, ***Commonwealth v. Turner***, 80 A.3d 754 (Pa. 2013) ("Because [p]etitioner alleged claims of ineffective assistance of counsel, her claims were cognizable under the PCRA[.]") Appellant's attempt, therefore, to circumvent the reach and the restrictions of the PCRA by resorting to a different heading for his pleading is of no moment. ***Torres, supra; Taylor, supra.***

Accordingly, the PCRA court did not err or abuse its discretion in reviewing under the PCRA the multiple motions Appellant filed after his judgment of sentence became final. Additionally, we agree with the PCRA court that Appellant does not meet PCRA eligibility requirements as he completed his sentences prior to the filing of the instant PCRA petition.[7] Finally, the PCRA court did not err or abuse its discretion in denying Appellant's

---

[7] Appellant does not challenge the PCRA court's findings and conclusions that he is no longer eligible for PCRA relief.

"post sentence motions" or motions to appeal *nunc pro tunc* from the denial of the post-sentence motion as they are all meant to circumvent the jurisdictional limitations of the PCRA.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/20/2023