J-S52014-19

2019 PA Super 347

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :              PENNSYLVANIA
                                 :
             v.                  :
                                 :
                                 :
                                 :
WILLIAM MOISES TORRES            :
                                 :
          Appellant              :     No. 1085 EDA 2019

Appeal from the Order Entered March 14, 2019
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0003055-2008

BEFORE:  OTT, J., KUNSELMAN, J., and McLAUGHLIN, J.

OPINION BY OTT, J.:                          **FILED NOVEMBER 25, 2019**

William Moises Torres appeals, *pro se*, from the order of March 14, 2019, which denied his "Motion to Modify Sentence *Nunc Pro Tunc*."  On appeal, Torres claims that the trial court abused its discretion in denying his motion. After review, we affirm.

On February 18, 2009, Torres entered a negotiated guilty plea to two counts of murder in the third degree.  After receipt of a pre-sentence investigation report, on March 26, 2009, in accordance with the terms of the plea agreement, the trial court sentenced him to an aggregate term of 20 to 40 years' imprisonment.  Torres did not file a direct appeal.

On January 29, 2010, Torres, acting *pro se,* filed a petition pursuant to the Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  On March 30,

2010, following appointment of counsel and counsel's filing of an amended PCRA petition, Torres withdrew his petition.

On July 20, 2016, Torres, acting *pro se*, filed a second PCRA petition. The PCRA court denied the petition on August 22, 2016. Torres did not file an appeal.

On July 10, 2018, Torres filed a motion for modification of relief. The trial court denied that motion on July 13, 2018. Torres did not file an appeal.

On March 13, 2019, Torres filed the instant motion. The trial court denied the motion on March 14, 2019. This timely appeal followed.[1]

On appeal, Torres contends that he is entitled to modification of his sentence, as scientifically, his brain was not fully developed when he committed the murders[2] and because of his excellent record in prison.

Initially, we note Pennsylvania courts have consistently held, so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition. **See Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa. Super. 2007), *appeal*

---

[1] On April 23, 2019, in response to the trial court's order, Torres filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On April 24, 2019, the trial court filed an opinion adopting its March 14, 2019 opinion.

[2] Torres was 20 years' old at the time of the murders.

*denied*, 944 A.2d 756 (Pa. 2008) (noting cases); ***see also*** 42 Pa.C.S.A. § 9542.

However, we have held claims regarding the discretionary aspects of sentence are not cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(2)(vii). A claim the trial court failed to consider mitigating circumstances is a challenge to the discretionary aspects of sentence. ***See Commonwealth v. DiClaudio***, 210 A.3d 1070, 1075-1076 (Pa. Super. 2019) (treating challenge to trial court's failure to consider mitigating factors as challenge to discretionary aspects of sentence). In ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1289 (Pa. Super. 2007), this Court held the trial court correctly treated a petition to modify sentence filed years after the imposition of sentence as an untimely post-sentence motion rather than a PCRA. ***See id.*** Here, as in ***Wrecks***, Torres filed a motion to modify sentence many years after the imposition of sentence, thus, his motion is an untimely post-sentence motion.

Torres contends, however, extraordinary circumstances justify the late filing of the motion, namely, the trial court failed to advise him of his appellate and post-sentence rights as required by Pa.R.Crim.P. 704 and 720. Torres' Brief, at 7; ***see also Commonwealth v. Patterson***, 940 A.2d 493, 499-500 (Pa. Super. 2007) (finding trial court's failure to comply with Pa.R.Crim.P. 720 constituted breakdown in court process which excused late filing of post-sentence motion), *appeal denied*, 960 A.2d 838 (Pa 2008). However, the record belies this claim.

On February 18, 2009, Torres executed a Spanish-language written guilty plea colloquy, which specifically informed him about the limitations on his right to appeal. *See* Written Guilty Plea Colloquy, 2/18/2009, at pages 5-7. Torres stated, on the record, he read and understood the written colloquy. N.T. Guilty Plea Hearing, 2/18/2009, at 5. Moreover, immediately prior to sentencing, Torres signed documents, written in Spanish, informing him of his post-sentence rights. Post-Sentence Colloquy, 3/26/2009, at unnumbered pages 1-3. This claim does not merit relief.

Thus, because Torres filed an untimely post-sentence motion and because he has not demonstrated any breakdown in the court process excusing the untimely filing, the trial court correctly dismissed it on that basis.[3] *See Patterson*, *supra* at 499-500. Accordingly, we affirm the denial of his motion.

Order affirmed.

_____

[3] Even if Torres had timely filed his motion, he waived any discretionary aspects of sentence claim by entering into a negotiated guilty plea. Generally, a plea of guilty constitutes a waiver of all defects and defenses excepting the voluntariness of the plea, the jurisdiction of the court and the legality of the sentence. *Commonwealth v. Stewart*, 867 A.2d 589, 591 (Pa. Super. 2005). While this Court has ruled that an appellant may challenge the discretionary aspects of sentence after pleading guilty without an agreement to the terms of the sentence, appellants may not raise a discretionary aspects of sentence claim regarding a negotiated sentence. *Id.*

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/19