J-S38021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JIMMIE L. WALLACE | : | |
| | : | |
| Appellant | : | No. 462 MDA 2020 |

Appeal from the PCRA Order Entered February 26, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001076-2011

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:            **FILED NOVEMBER 19, 2020**

Jimmie L. Wallace appeals *pro se* from the order dismissing his Motion for Modification of Sentence *Nunc Pro Tunc*, which the court treated as an untimely Post Conviction Relief Act ("PCRA")[1] petition. Wallace contends the court erred in treating his Motion as a PCRA petition, and in failing to appoint counsel. We affirm.

A jury convicted Wallace of aggravated assault in 2012, and the court sentenced him to ten to 20 years' incarceration. We affirmed the judgment of sentence in 2013, and the Supreme Court denied allowance of appeal in 2014. Wallace has since filed three PCRA petitions, none of which has resulted in relief.

---

[*] Former Justice specially assigned to the Superior Court.

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

Wallace filed the instant "Motion for Modification of Sentence *Nunc Pro Tunc*" *pro se* on December 23, 2019. In the Motion, Wallace claimed that his sentence fell above the aggravated Guidelines range of a five-year minimum sentence, the trial court erred in failing to consider the Sentencing Guidelines, and the trial court did not provide adequate reason for deviating from the Guidelines. *See* Motion for Modification of Sentence *Nunc Pro Tunc*, 12/23/19, at 1.

The trial court treated the Motion as a PCRA petition and found it to be untimely. The court issued notice of its intent to dismiss the Motion/Petition under Rule 907. *See* Pa.R.Crim.P. 907(1). Wallace responded, claiming his Motion/Petition was timely under the PCRA's governmental interference exception. Wallace claimed that his petition was timely because he filed an application for clemency with the Board of Pardon in 2017, and the Board considers whether any appeals are pending when deciding whether to commute a sentence. The court dismissed the Motion/Petition, and Wallace appealed.

In Wallace's one-page brief, he argues the trial court erred in treating his Motion for Modification of Sentence *Nunc Pro Tunc* as a PCRA petition. He also argues he has a right to the assistance of counsel.[2]

---

[2] The Commonwealth argues we should dismiss the appeal as Wallace's brief fails to conform to the requirements of Pa.R.A.P. 2111. We decline to do so, as Wallace's failings in that regard have not hindered our review in this case.

As the trial court observes in its Pa.R.A.P. 1925(a) opinion, the only issue Wallace raised in his Rule 1925(b) statement was his claim that he was denied his right to counsel. *See* Trial Ct. Op., filed Mar. 31, 2020, at 2. By failing to include in his Rule 1925(b) statement the issue of whether the trial court erred in treating his Motion as a PCRA petition, Wallace has waived it. *See* Pa.R.A.P. 1925(b)(4)(vii).

In any event, even if the court erred in treating Wallace's Motion as a PCRA petition, it was still untimely. Wallace's Motion challenged the discretionary aspects of sentencing, and a criminal defendant must seek such relief from the trial court in a post-sentence motion, which the defendant must file within 10 days after the imposition of sentence. *See* Pa.R.Crim.P. 720(A)(1); *Commonwealth v. Torres*, 223 A.3d 715, 717 (Pa.Super. 2019). Wallace filed his motion well after that deadline. Although the title of Wallace's Motion suggests he intended to seek post-sentence relief *nunc pro tunc*, Wallace did not, and does not, assert any reason why he was entitled to *nunc pro tunc* relief. *Cf. Commonwealth v. Patterson*, 940 A.2d 493, 499 (Pa.Super. 2007) (finding grounds for relief on untimely post-sentence motion where trial court failed to comply with Pa.R.Crim.P. 720). The court thus did not err in dismissing the Motion.

Regarding Wallace's second issue, surrounding his right to counsel, Wallace has not provided any authority or argument to support his assertion that the court should have appointed him counsel for the subject Motion. The only authorities Wallace cites for this issue relate to the right to counsel in the

PCRA setting, and thus do not apply here. **See** Wallace's Br. at 1 (citing

Pa.R.Crim.P. 904 and ***Commonwealth v. Albrecht***, 720 A.2d 693, 699 (Pa.

1998)). Wallace has not shown that he is entitled to relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/19/2020