J-S13043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM MOISES TORRES | : | |
| | : | |
| Appellant | : | No. 2536 EDA 2022 |

Appeal from the PCRA Order Entered September 22, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003055-2008

BEFORE: NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED MAY 04, 2023**

Appellant, William Moises Torres, appeals from the September 22, 2022, order entered in the Court of Common Pleas of Lehigh County dismissing his self-styled petition for *habeas corpus* relief as an untimely serial petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9545. After a careful review, we affirm.

The relevant facts and procedural history have been set forth previously, in part, by this Court as follows:

> On February 18, 2009, [Appellant] entered a negotiated guilty plea to two counts of murder in the third degree. After receipt of a pre-sentence investigation report, on March 26, 2009, in accordance with the terms of the plea agreement, the trial court sentenced him to an aggregate term of 20 to 40 years' imprisonment. [Appellant] did not file a direct appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

On January 29, 2010, [Appellant], acting *pro se*, filed a petition pursuant to the [PCRA].  On March 30, 2010, following appointment of counsel and counsel's filing of an amended PCRA petition, [Appellant] withdrew his petition.

On July 20, 2016, [Appellant], acting *pro se*, filed a second PCRA petition.  The PCRA court denied the petition on August 22, 2016.  [Appellant] did not file an appeal.

On July 10, 2018, [Appellant] filed a motion for modification or relief.  The trial court denied that motion on July 13, 2018. [Appellant] did not file an appeal.

On March 13, 2019, [Appellant] filed a motion [to modify sentence *nunc pro tunc*]. The trial court denied the motion on March 14, 2019.  [Appellant filed an appeal, and this Court affirmed.]

*Commonwealth v. Torres*, 223 A.3d 715, 716 (Pa.Super. 2019).

On December 16, 2019, Appellant filed a *pro se* petition for writ of *habeas corpus*, and on January 7, 2020, the lower court denied the petition. Appellant filed a timely notice of appeal, and this Court affirmed.  **See Commonwealth v. Torres**, No. 541 EDA 2020 (Pa.Super. filed 11/24/20) (unpublished memorandum).

On July 26, 2022, Appellant filed a *pro se* petition, which he entitled a "Petition for *Habeas Corpus* Relief."[1]  Therein, Appellant averred the plea court did not have the authority to sentence him to any term of prison following his guilty pleas to third-degree murder.  Specifically, he reasoned he was illegally sentenced because 42 Pa.C.S.A. § 9721(a), which is the statute setting forth

---

[1] Although the petition was time-stamped and docketed on August 8, 2022, we shall deem it to have been filed on July 26, 2022, when Appellant handed it to prison authorities. **See Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997) (discussing the prisoner mailbox rule).

- 2 -

a trial court's sentencing options, authorizes the trial court to sentence a defendant to a term of "confinement," but in his view, 18 Pa.C.S.A. § 1102(d), refers only to a term of "imprisonment," and therefore violates Subsection 9721(a). Thus, he contended any term of prison for third-degree murder imposed under Section 1102(d) is illegal. He also suggested Section 1102(d) is unconstitutional since it is too vague.

On August 30, 2022, the PCRA court provided notice of its intention to treat the *habeas corpus* petition under the auspices of the PCRA, as well as its intention to dismiss the petition without an evidentiary hearing. On September 12, 2022, Appellant filed an answer to the PCRA court's notice wherein he averred he was entitled to *habeas corpus* relief outside of the PCRA.

By order entered on September 22, 2022, the PCRA court dismissed Appellant's petition for *habeas corpus* relief under the auspices of the PCRA. Specifically, the PCRA court concluded Appellant's petition was untimely, and Appellant did not plead or prove any of the timeliness exceptions. This timely *pro se* appeal followed, and all Pa.R.A.P. 1925 requirements have been met.

In his *pro se* appellate brief, Appellant reiterates his argument that the plea court did not have the authority to sentence him to any term of prison following his guilty pleas to third-degree murder. Specifically, he reasons he was illegally sentenced to an aggregate of 20 to 40 years' imprisonment because 42 Pa.C.S.A. § 9721(a), which is the statute setting forth a trial court's sentencing options, authorizes the trial court to sentence a defendant

to a term of "confinement," but in his view, 18 Pa.C.S.A. § 1102(d), refers only to a term of "imprisonment," and therefore violates Subsection 9721(a). He reasons confinement does not include imprisonment. Thus, he contends there is no statutory authority for the imposition of any term of imprisonment for third-degree murder, and accordingly, his sentence is illegal. He also suggests Section 1102(d) is unconstitutional and void for vagueness.

Before we may address the merits of Appellant's claim, we must determine whether the PCRA court properly treated Appellant's claim as one falling under the auspices of the PCRA.[2] We have noted that a defendant may not circumvent PCRA time limits applicable to issues cognizable under the PCRA simply by couching such issues in a self-styled petition for *habeas corpus* relief. This Court has held:

> We recognize that, [i]t is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA court not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased

---

[2] We note:

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

**Commonwealth v. Nero**, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

- 4 -

differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

***Commonwealth v. Taylor***, 65 A.3d 462, 465-66 (Pa.Super. 2013) (citations omitted).

Appellant arguably raises two alternate theories of relief. Under his first theory, Appellant challenges the legality of his sentence on the basis the trial court did not have the statutory authority to impose a term of imprisonment. ***See Commonwealth v. Stultz***, 114 A.3d 865 (Pa.Super. 2015). ***See also Commonwealth v. Gonzalez***, 270 A.3d 1121, 2021 WL 5822148 (Pa.Super. filed 12/7/21) (unpublished memorandum)[3] (holding the appellant raised a legality of sentencing claim when he averred the trial court did not have authority to impose imprisonment since, in his view, the term "confinement" in 42 Pa.C.S.A. § 9721 does not include prison as provided for in 18 Pa.C.S.A. § 1102(d)). Under the second theory, Appellant claims the sentencing statutes pertaining to third-degree murder are void for vagueness. Such a claim also implicates the legality of one's sentence. ***See Commonwealth v. Prinkey***, 277 A.3d 554, 997 (Pa. 2022); ***Commonwealth v. Moore***, 247 A.3d 990 (Pa. 2021) (explaining that because a sentencing court does not have the authority

---

[3] We note Pa.R.A.P. 126(b), amended effective, May 1, 2019, provides that non-precedential decisions of this Court filed after May 1, 2019, may be cited for their persuasive value.

- 5 -

to sentence a defendant under a sentencing statute that is unconstitutionally vague, a void-for-vagueness challenge implicates the legality of a sentence).

Under either theory, therefore, Appellant's self-styled *habeas corpus* petition raises a legality of sentence claim, which is cognizable under the PCRA and subject to the PCRA timeliness provisions. **See Moore**, **supra**. Accordingly, as did the PCRA court below, we deem Appellant's *habeas corpus* petition as a serial PCRA petition. Thus, we proceed to determine whether Appellant's petition was timely filed.

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

**Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

> [There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Under this framework, an appellant must either file a petition within one year of his judgment of sentence becoming final under Section 9545(b)(3), or "plead" and "prove" that one of the enumerated exceptions apply. "[T]here is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." *Commonwealth v. Brown*, 943 A.2d 264, 267 (Pa. 2008).

In the case *sub judice*, Appellant does not dispute that his instant petition, filed on July 26, 2022, was not filed within one year from the date his conviction became final, *i.e.*, in April of 2009, thirty days after he failed to file a direct appeal to this Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Further, although under limited circumstances a petitioner may invoke a timeliness exception under which the late filing of a petition will be excused, Appellant does not present or develop any argument related to the timeliness exceptions. Instead, he contends the PCRA court erred in treating his *pro se* document as a PCRA petition subject to the timeliness requirements. As indicated *supra*, the PCRA court did not err in this regard.

For all of the aforementioned reasons, we conclude the PCRA court properly found Appellant's petition for *habeas corpus* relief presented claims cognizable under the PCRA, and therefore, the petition was subject to the

PCRA's timeliness restrictions. Appellant's petition is facially untimely, and he has not pled and proven an exception. "[Thus,] neither this Court nor the [PCRA] court has jurisdiction over this petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa.Super. 2007) (citation omitted). Therefore, we affirm the PCRA court's dismissal of Appellant's instant PCRA petition.

Affirmed.


*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/2023