J-S11015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARTIN TISDALL | : | |
| | : | |
| Appellant | : | No. 2071 EDA 2022 |

Appeal from the PCRA Order Entered August 1, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0308871-1998

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 22, 2023**

Appellant, Martin Tisdall, appeals *pro se* from the order entered August

1, 2022, dismissing his petition filed pursuant to the Post Conviction Relief Act

("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On a previous appeal, a panel of this Court summarized the relevant

facts and procedural history of this case as follows.

> On November 22, 1999, [Appellant] pled guilty to two counts of
> robbery, criminal conspiracy, and possessing an instrument of
> crime.  On March 1, 2000, the trial court sentenced him to 32
> [and one-half] to 65 years' incarceration.  [Appellant] filed a
> post[-]sentence motion and moved to withdraw his guilty plea.
> The trial court denied both motions.  [Appellant] did not seek
> appellate review.
>
> [Appellant] filed a *pro se* PCRA petition on January 22, 2013.
> The [PCRA] court appointed counsel[. Thereafter,
> court-appointed counsel] filed a ***Turner/Finley***[FN1] letter[,]
> maintaining that [Appellant's] petition was meritless.  The
> [PCRA] court dismissed the petition as untimely and this Court
> affirmed.  ***See Commonwealth v. Tisdall***, [2015 WL
> 6110735] (Pa. Super. 2015) (unpublished memorandum),

*appeal denied*, 131 A.3d 491 (Pa. 2016). [Appellant] filed [another] PCRA petition on March 25, 2016, and supplemented the petition on May 26, 2017. However, the [PCRA] court did not grant leave to amend the petition. The [PCRA] court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. [Appellant] responded to the Rule 907 notice and the [PCRA] court dismissed the petition.

> [FN1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

***Commonwealth v. Tisdall***, 2019 WL 1306411, at *1 (Pa. Super. Mar. 21, 2019). This Court affirmed the PCRA court's order dismissing Appellant's second PCRA petition on March 21, 2019. ***Id***. Our Supreme Court denied *allocator* on September 24, 2019. ***Commonwealth v. Tisdall***, 218 A.3d 378 (Pa. 2019).

On June 14, 2022, Appellant filed a petition for *habeas corpus* relief, arguing that, while the trial court ordered Appellant to undergo a mental health evaluation prior to sentencing, an evaluation was never conducted and, as such, the trial court's conclusions regarding Appellant's mental health at sentencing were unsupported. Appellant's Petition, 6/14/22, at 2. Thus, Appellant claimed "his sentencing proceeding violated due process," causing him to be "held in custody in violation of the Constitution and laws of the United States and Commonwealth of Pennsylvania." ***Id***. at 3. The PCRA court treated Appellant's filing as a PCRA petition. ***See*** PCRA Court's 907 Notice, 7/5/22, at 1. On July 5, 2022, the PCRA court issued a Rule 907 notice, citing the untimeliness of Appellant's petition. ***Id***. Appellant filed a response to the PCRA court's notice. ***See*** Appellant's Response, 7/13/22, at 1-3. Thereafter,

on August 1, 2022, the PCRA court dismissed Appellant's petition. PCRA Court Order, 8/1/22, at 1. This timely appeal followed.

Appellant raises the following issue on appeal:

> Whether the [PCRA] court abused its discretion in dismissing Appellant's petition for *habeas corpus* relief [in which he alleged he was] illegally confined on the basis of [a] sentencing proceeding that violated due process[?]

Appellant's Brief at 3.

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Abu-Jamal***, 833 A.2d 719, 723 (Pa. 2003). The issue of timeliness is dispositive in this appeal. This Court previously stated:

> It is well-established that the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief. [T]he PCRA is intended to be the sole means of achieving post-conviction collateral relief. If an issue is cognizable under the PCRA, the issue must be raised in a timely PCRA petition and cannot be raised in a petition for writ of *habeas corpus*. In other words, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*. Moreover, regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA.

***Commonwealth v. Fantauzzi***, 275 A.3d 986, 994–995 (Pa. Super. 2022) (internal quotations, citations and brackets omitted).

Here, Appellant, on June 14, 2022, filed a petition titled "writ for *habeas corpus* relief," arguing that he is being held in custody in violation of the United States and Pennsylvania Constitutions due to an alleged trial court error during sentencing. Appellant's Petition, 6/14/22, at 2. Because Appellant's petition set forth an issue cognizable under the PCRA, the PCRA court properly treated Appellant's filing as a PCRA petition. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(i) (authorizing collateral relief where conviction or sentence results from violation of Pennsylvania Constitution or the Constitution or laws of the United States); ***see also Fantauzzi***, 275 A.3d at 994-995; ***Commonwealth v. Hromek***, 232 A.3d 881, 884 (Pa. Super. 2020) ("Generally, the PCRA 'shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*.'") (quotation and citation omitted); ***Commonwealth v. Torres***, 223 A.3d 715, 716 (Pa. Super. 2019) (stating, "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition") (citation omitted). Therefore, before considering the merits of Appellant's PCRA petition, we must first determine whether it is timely under the PCRA's jurisdictional time-bar.

A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). Judgment becomes final at the conclusion of direct review, "including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking

the review." 42 Pa.C.S.A. § 9545(b)(3). In this instance, Appellant's judgment of sentence became final on June 2, 2000, when the 30-day time period for filing a direct appeal to this Court expired after the trial court denied Appellant's motion to withdraw his guilty plea.[1] *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P. 903 (notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). As such, Appellant had until June 5, 2001, or one-year after his judgment of sentence became final, to file a timely PCRA petition. *See* 1 Pa.C.S.A. § 1908 (when the last day of the 30–day appeal period falls on a weekend or legal holiday such day shall be omitted from the computation of time). Appellant, however, did not file the current PCRA petition until June 14, 2022, more than 20 years after his judgment of sentence became final. Accordingly, Appellant's PCRA petition is patently untimely.

There are, however, three exceptions to the one-year PCRA time-bar, set forth at 42 Pa.C.S.A. § 9545(b)(1). Indeed, Section 9545(b) provides

_____

[1] Previously, this Court held that Appellant's judgment of sentence was final on March 31, 2000. *See Tisdall*, 2019 WL 1306411 at *2 ("Here, [Appellant's] judgment of sentence became final on March 31, 2000, when the time to file a direct appeal to this Court expired."); *Tisdall*, 2015 WL 6110735 at *2 ("Instantly, [Appellant's] judgment of sentence became final on March 31, 2000, 30 days following the imposition of sentence when the time for filing a direct appeal expired"). In so doing, it appears this Court failed to consider the fact that the trial court denied Appellant's motion to withdraw his guilty plea on May 3, 2000 and, as such, Appellant's judgment of sentence did not become final until 30 days later. *See Commonwealth v. Claffey*, 80 A.3d 780, 783 (Pa. Super. 2013) ("[W]hen post-sentence motions are filed, the judgment of sentence does not become final until those motions are decided.").

that, to escape the PCRA's timeliness requirements, a petitioner must allege and prove that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, Section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Herein, Appellant makes no attempt to invoke, much less plead and prove, one of the enumerated exceptions to the PCRA's time-bar. To the contrary, Appellant asserts that "the PCRA does not apply in this case." Appellant's Brief at 7. As indicated above, the PCRA is "the sole means of achieving post-conviction collateral relief" and Appellant "cannot escape the PCRA time-bar by titling his petition . . . as a writ of *habeas corpus*" and baldly asserting its jurisdictional requirements are inapplicable. *Fantauzzi*, 275 A.3d at 995. Because Appellant's petition was untimely and because he failed to properly invoke an exception to the PCRA's timeliness requirements,

neither the trial court nor this Court has jurisdiction over the instant claims for collateral relief. Accordingly, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2023