J-S11015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RON LARKIN | : | |
| | : | |
| Appellant | : | No. 1975 EDA 2023 |

Appeal from the Order Entered July 12, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0016013-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RON LARKIN | : | |
| | : | |
| Appellant | : | No. 2109 EDA 2023 |

Appeal from the PCRA Order Entered July 12, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0016014-2010

BEFORE:   BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                                      **FILED APRIL 25, 2024**

Ron Larkin appeals from the order dismissing his "Petition to Arrest Judgment of Sentence for Lack of Subject Matter Jurisdiction and Fraud," which the court treated as an untimely third petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

This Court previously summarized the background of this matter as follows:

> On January 3, 2012, [Appellant] entered a negotiated plea agreement and pled guilty to two counts of first[-]degree murder and a violation of 18 Pa.C.S. § 6106(a)(1) of the Uniform Firearms Act [in two criminal cases]. In accordance with the terms of the plea agreement, the Commonwealth did not seek the death penalty. The trial court sentenced [Appellant the same day] to consecutive terms of life imprisonment on the murder bills and a concurrent prison term of three-and-a-half to seven years of incarceration on the firearms bill.
>
> [Appellant] did not file post-sentence motions or a direct appeal. Instead, he timely filed a *pro se* PCRA petition. The PCRA court thereafter appointed counsel to represent [Appellant]. PCRA counsel filed a brief pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), stating that the issues raised in [Appellant's] *pro se* petition were without merit and that there were no additional issues which could be raised in an amended PCRA petition. On April 9, 2014, after reviewing the record and the pleadings, the PCRA court dismissed the petition without an evidentiary hearing, holding that the petition had no merit.
>
> [Appellant] appealed. On November 12, 2015, [this] Court affirmed the dismissal of the PCRA petition. [Appellant] did not seek further review by the Supreme Court.
>
> On or about June 29, 2018, [Appellant] filed a "Petition for Writ of *Habeas Corpus*" in which he alleged [that] the trial court and PCRA court lacked personal and/or subject matter jurisdiction. On August 20, 2018, the PCRA court dismissed the . . . PCRA petition as untimely.

**Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa.Super. 2020) (*en banc*) (cleaned up). On appeal, we concluded that the relief requested in the petition for writ of *habeas corpus* was cognizable under the PCRA, and affirmed on the basis that the petition was untimely. **Id**. at 355-56. Appellant sought relief

from our High Court, which denied allowance of appeal.  ***See Commonwealth v. Larkin***, 251 A.3d 773 (Pa. 2021).

On June 17, 2022, Appellant filed the instant petition at both of his underlying criminal cases.  Therein, he asserted that the trial court "knowingly and intelligently committed fraud in bringing charges against [him] without having subject matter jurisdiction[,]" and accordingly that the judgments against him were void.  Petition to Arrest Judgment of Sentence and Conviction, 6/17/22, at 1, 3.  Notably, the petition did not address the PCRA or purport to raise any of its timeliness exceptions.  Treating the filing as Appellant's untimely third PCRA petition, the court issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907.  Appellant responded, arguing that the court could modify its sentencing orders at any time in accordance with 42 Pa.C.S. § 5505, concerning modification of orders, particularly in response to his allegations of fraud.  The court ultimately dismissed the petition without a hearing through a single order entered in both criminal cases.

Appellant timely filed *pro se* notices of appeal in both cases.  The PCRA court did not direct Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b), and Appellant did not do so.  The court issued a Rule 1925(a) opinion addressing its denial of Appellant's petition.  We consolidated the appeals *sua sponte*.  Appellant presents the following issue for our review: "Did the common pleas [court] procured [*sic*] [Appellant's] conviction by way of fraud[?]"  Appellant's brief at 3 (cleaned up).

Initially, we must first consider whether the court properly treated his petition as one filed pursuant to the PCRA. In that vein, we have stated that "[i]t is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief." *Larkin*, 235 A.3d at 355 (citation omitted). "Regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA." *Commonwealth v. Hagan*, 306 A.3d 414, 421-22 (Pa.Super. 2023) (citation omitted); *see also Commonwealth v. Torres*, 223 A.3d 715, 716 (Pa.Super. 2019) (reiterating that "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition") (citations omitted).

In his petition, Appellant requested that his convictions be voided, asserting that the trial court committed fraud in knowingly hearing the criminal charges while it lacked jurisdiction. As recounted above, our Court considered and rejected a nearly identical contention on appeal from the denial of Appellant's second PCRA petition, which he titled a petition for writ of *habeas corpus*. *See Larkin*, 235 A.3d at 355 ("Because [Appellant]'s jurisdictional challenge is cognizable under the PCRA, the PCRA court did not err in treating his writ of *habeas corpus* as a PCRA petition"). Just as before, Appellant's attempt to bypass the PCRA by raising this issue in a different kind of petition is to no avail. The relief sought remains cognizable under the PCRA and, therefore, no matter what he calls the underlying petition, it is subject to

the strictures of the PCRA. We therefore readily conclude that the court properly treated the underlying petition as a PCRA petition.

Accordingly, we address the propriety of the PCRA court's dismissal order as follows: "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. We apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Wharton**, 263 A.3d 561, 567 (Pa. 2021) (cleaned up).

Before turning to the merits of Appellant's claim, we must determine whether his petition was timely, since neither this Court nor the PCRA court has jurisdiction to consider an untimely PCRA petition. **See Commonwealth v. Ballance**, 203 A.3d 1027, 1030-31 (Pa.Super. 2019). In this respect, the PCRA provides as follows:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

- 5 -

provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b). Any petitioner invoking one of these exceptions must file a petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Additionally, the petitioner "bears the burden of pleading and proving an applicable statutory exception." *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa.Super. 2018).

Appellant's judgment of sentence became final in February 2012, after he elected not to appeal his convictions to this Court. There is no dispute that the instant petition was facially untimely when it was filed. Therefore, Appellant was required to plead and prove one of the enumerated exceptions to the PCRA's time-bar in his petition before the court could consider the merits of his claims.

The PCRA court held that Appellant neglected to do so here, stating thusly: "Instantly, [Appellant] failed to acknowledge, let alone meaningfully address[,] the PCRA's statutory time-bar. Instead, he ignored the time-bar and solely discussed his substantive claim. This kind of presentation fell woefully short of [Appellant]'s obligation to explain how one of the three . . . statutory exceptions applied." PCRA Court Opinion, 7/12/23, at 2.

Upon review of the certified record, we agree with the court that Appellant did not articulate or raise in his petition any of the PCRA's timeliness exceptions, or otherwise take any steps to overcome that jurisdictional hurdle. Nor did he seek leave to amend in order to articulate a timeliness exception after the court notified him that it intended to treat his filing as a PCRA

- 6 -

petition. Since Appellant did not meet his burden, we conclude that his third PCRA petition was untimely and that we lack jurisdiction to consider the merits of the arguments raised therein. *See Ballance*, 203 A.3d at 1031. Accordingly, we affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/25/2024