J-A09021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
ANTHONY RICHARD TERRY   :
  :
Appellant   :   No. 932 WDA 2024

Appeal from the Judgment of Sentence Entered May 3, 2022
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0002096-2021

BEFORE: KUNSELMAN, J., NICHOLS, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:        **FILED: JULY 10, 2025**

Appellant Anthony Richard Terry appeals *nunc pro tunc* from the judgment of sentence imposed after he entered a negotiated guilty plea to failure to register.[1] Appellant claims that the trial court abused its discretion in accepting his guilty plea because it was not made knowingly, intelligently, and voluntarily. After careful review, we affirm.

The facts underlying Appellant's guilty plea are well known to the parties. *See* Trial Ct. Op., 9/9/24, at 1. Briefly, Appellant's charges arose from his failure to register with the Pennsylvania State Police as required by the Sexual Offender Registration and Notification Act[2] (SORNA). Appellant entered a negotiated guilty plea on May 3, 2022. That same day, the trial

_____

[1] 18 Pa.C.S. § 4915.2(a)(1).

[2] 42 Pa.C.S. §§ 9799.10 – 9799.75.

court imposed the agreed-upon sentence of two to four years' incarceration. Appellant did not file a direct appeal.

On September 23, 2022, Appellant filed a *pro se* Post-Conviction Relief Act[3] (PCRA) petition.[4]   The PCRA court appointed counsel, who filed an amended petition on Appellant's behalf.  Therein, Appellant claimed that plea counsel was ineffective for failing to file a requested notice of appeal and requested that the PCRA court reinstate Appellant's direct appeal rights *nunc pro tunc*.  After conducting a hearing, the PCRA court granted Appellant's petition and restored his direct appeal rights *nunc pro tunc*.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.  The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

Appellant raises a single issue for our review:

> Whether the trial court abused its discretion in accepting [Appellant's] guilty plea where the record reveals such plea to have not been knowingly, intelligently, and voluntarily made because [Appellant], who can only read and write a little bit, struggled during the guilty plea proceedings to hear, see, and understand those proceedings and to complete the written guilty plea colloquy, the form upon which the trial court primarily relied to accept the guilty plea.

---

[3] 42 Pa.C.S. §§ 9541-9546.

[4] Appellant had one year from when his judgment of sentence became final to file a petition pursuant to the PCRA.  **See** 42 Pa.C.S. § 9545(b)(1).  Since Appellant did not appeal, his judgment of sentence became final thirty days after the imposition of his sentence, when the time to file an appeal concluded. **See** 42 Pa.C.S. § 9545(b)(3).  Accordingly, Appellant had until June 2, 2023, to file a PCRA petition and, therefore, his petition was timely.

- 2 -

Appellant's Brief at 5.

Before considering the merits of Appellant's claim, we must first address whether Appellant has waived his challenge to the validity of his guilty plea by failing to preserve it before the trial court.[5]

Generally, "[i]n order to preserve an issue related to a guilty plea, an appellant must either object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." **Commonwealth v. Monjaras-Amaya**, 163 A.3d 466, 468-69 (Pa. Super. 2017) (citations omitted and formatting altered).

Pennsylvania Rule of Criminal Procedure 720 requires that a defendant file a post-sentence motion within ten days of sentencing and specify the grounds for relief. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). The failure to raise an objection that allows the trial court to correct an error at the first opportunity results in waiver. **See Monjaras-Amaya**, 163 A.3d at 469 (concluding that the appellant waived a challenge to his guilty plea when he raised his claim for the first time in a Rule 1925(b) statement). However, this waiver is only effective if the court informs the defendant of his right to file a

_____

[5] While Appellant successfully sought the reinstatement of his direct appeal rights *nunc pro tunc*, he did not seek the reinstatement of his post-sentence motion rights *nunc pro tunc*. **See** Am. PCRA Pet., 9/1/23, at ¶¶ 33-34. Our Supreme Court has previously held that a defendant's post-sentence motion rights are not automatically restored *nunc pro tunc* when a court reinstates the defendant's direct appeal rights *nunc pro tunc*. **See Commonwealth v. Liston**, 977 A.2d 1089, 1093-94 (Pa. 2009). In order to have post-sentence motion rights restored, a defendant must "successfully plead[] and prove[] that he was deprived of the right to file and litigate said motions as a result of the ineffective assistance of counsel[.]" **Id.** at 1094 n.9.

post-verdict motion or motion to withdraw the plea. *See Commonwealth v. Cavanuagh*, 456 A.2d 145, 147 (Pa. 1983); *see also* Pa.R.Crim.P. 704(C)(3) (stating that at sentencing a trial judge must determine on the record that a defendant has been notified of, *inter alia*, his "right to file a post-sentence motion and . . . the time within which the defendant must exercise [that] right[]").

Additionally, we note that "[a] written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015) (citations omitted). A written colloquy may also serve as the basis for a defendant's notice of his rights. *See Commonwealth v. Torres*, 223 A.3d 715, 717 (Pa. Super. 2019) (stating that a defendant's untimely post-sentence motion was not excused where the trial court failed to advise him of his appellate and post-sentence motion rights because the written colloquy notified him of such, and he confirmed that he read and understood the written colloquy). Further, "a defendant is bound by the statements which he makes during his plea colloquy." *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018) (citation omitted).

Here, at the plea hearing, the trial court advised Appellant as follows:

Sir, **you have ten days to file a post-sentence motion**, 30 days to file an appeal to the Superior Court. Since you pled guilty, you can appeal for the following four reasons: That the court did not have jurisdiction; that your plea was not voluntarily,

> knowingly, intelligently made; that your counsel was ineffective, or that the sentence imposed is illegal.

N.T., Plea Hr'g, 5/3/22, at 14 (emphasis added).

Our review of the record indicates that although Appellant's answers on the written colloquy form were not entirely clear at times, the oral plea colloquy established that plea counsel carefully reviewed the form with Appellant and that Appellant understood the form and still wished to plead guilty. *See* Written Guilty Plea Colloquy Form, 5/6/22, at 5, 9. During the oral colloquy, plea counsel stated that he "went over every single question in the entire document . . . and the one-page guilty form" with the Appellant on a court recess and confirmed that he made sure Appellant understood the questions. N.T., Plea Hr'g, 5/3/22, at 7-8. The trial court then asked Appellant if plea counsel's statement was correct and if plea counsel went over the documents with him, to which Appellant answered "Yes." *Id.* at 8. The trial court also asked Appellant if he signed the page of the document stating that he understood the document and, nevertheless, still wanted to plead guilty.[6] *Id.* Appellant again responded "Yes." *Id.* Therefore, Appellant's own statements, under oath, establish that counsel reviewed the entire written

_____

[6] The affirmation states:

> I affirm that I have read the above document in its entirety. I understand its full meaning, and I am still nevertheless willing to enter a plea to the offense[] specified. I further affirm that my signature and initials on each page of this document are true and correct.

Written Guilty Plea Colloquy Form, 5/6/22, at 9.

colloquy form with him and that he understood the document and still wished to plead guilty. *See Jabbie*, 200 A.3d at 506.

Accordingly, the record reflects that Appellant was informed of his right to file a petition to withdraw his plea and the consequences of his failure to do so through the oral and written guilty plea colloquies. As noted previously, the trial court specifically explained that Appellant had ten days to file post-sentence motions. Appellant provided affirmative answers to the two questions on the written guilty plea colloquy form that explained the requirement of filing a motion to withdraw his plea and the consequences of failing to file such a motion. Appellant confirmed that counsel reviewed each question on the written guilty plea form with him. Moreover, Appellant confirmed, under oath and on the record, that he signed the page of the written colloquy form affirming he understood the document and that he still wished to plead guilty.

Based upon this record, we are constrained to conclude that Appellant was aware of his right to file a post-sentence motion to withdraw his guilty plea and yet failed to do so. *See Torres*, 223 A.3d at 717. Therefore, his claim challenging the validity of his guilty plea is waived on direct appeal. *Monjaras-Amaya*, 163 A.3d at 468-69.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>07/10/2025</u>