J-A26036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD CHARLES JONES | : | |
| | : | |
| Appellant | : | No. 26 WDA 2025 |

Appeal from the Order Entered October 29, 2024
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000250-2022

BEFORE: OLSON, J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: October 17, 2025**

Appellant, Edward Charles Jones, appeals *pro se* from the order entered in the Washington County Court of Common Pleas, which denied his *pro se* "Petition To Appeal *Nunc Pro Tunc*." For the following reasons, we vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. On June 2, 2023, Appellant pled guilty to driving under the influence of alcohol or a controlled substance.[1] The court sentenced Appellant that day to a period of five years' probation, with the first 135 days to be served on electronic home monitoring. At the time of Appellant's guilty plea and prior thereto, he was represented by the Public Defender's Office. Appellant did not file post-sentence motions or a direct appeal.

_____

[1] 75 Pa.C.S.A. § 3802(d)(1).

On August 13, 2024, Attorney James R. Jeffries entered an appearance on Appellant's behalf as privately retained counsel. On September 25, 2024, Appellant submitted a *pro se* "Petition To Appeal *Nunc Pro Tunc*."[2] In it, Appellant claimed that he gave his attorney money to request a hearing (presumably, an appeal from the judgment of sentence), but that the attorney failed to file the paperwork. By motion dated September 25, 2024, Attorney Jeffries sought to withdraw. By order dated September 27, 2024 and filed on October 1, 2024, the court permitted Attorney Jeffries to withdraw.[3] On October 29, 2024, the court denied Appellant's *pro se* petition for *nunc pro tunc* relief. Appellant filed a *pro se* notice of appeal on December 30, 2024, consisting of various pages challenging, *inter alia*, the validity of his guilty plea and alleging plea counsel's ineffectiveness for failing to file a requested direct appeal. The court did not order Appellant to file a concise statement per Pa.R.A.P. 1925(b), and Appellant did not file one.

Preliminarily, the Commonwealth suggests that we quash the current

---

[2] This petition is not filed on the docket, but it is contained in the certified record. The petition also contains a timestamp, but the timestamp is illegible.

[3] The record also contains a document titled "RELEASE" dated August 19, 2024, in which Appellant signed an acknowledgment that the Jeffries Firm was no longer representing him and confirming that the firm had refunded Appellant's retainer.

We further note that Attorney Jeffries' motion to withdraw is not docketed but is timestamped as filed on October 1, 2024. Nevertheless, the court must have received the filing prior thereto because the court's order granting Attorney Jeffries' motion is dated September 27, 2024.

appeal as untimely, as Appellant filed his notice of appeal more than 30 days after the court denied relief.[4] We observe that a notice of appeal must be filed within 30 days of entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). The timeliness of a notice of appeal implicates this Court's jurisdiction. ***Commonwealth v. Wooden***, 215 A.3d 997 (Pa.Super. 2019).

Nevertheless, we also observe that hybrid representation is not permitted; our courts will not accept a *pro se* motion while an appellant is represented by counsel, and such motions have no legal effect and constitute legal nullities. ***Commonwealth v. Hopkins***, 228 A.3d 577 (Pa.Super. 2020). Consequently, in any case in which a defendant is represented by an attorney and submits a document for filing, the clerk of courts shall accept it for filing, time stamp it, make a docket entry reflecting the date of receipt, and place the document in the criminal case file; a copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt. ***See*** Pa.R.Crim.P. 576(a)(4). The failure of the clerk of courts to do so constitutes a breakdown in the operations of the court. ***See id. See also Commonwealth v. Chestnut***, No. 2943 EDA 2018 (Pa.Super. filed Oct. 22, 2020) (unpublished memorandum) (explaining that any failure of clerk of courts to forward copy of appellant's *pro se* filings

---

[4] Although one of the pages attached to the notice of appeal is dated November 10, 2024 (within 30 days of the order denying *nunc pro tunc* relief), there is no indication that Appellant is incarcerated such that he would enjoy the benefit of the prisoner mailbox rule.

to counsel of record should be deemed breakdown in court system).[5]

Instantly, the Commonwealth is correct that Appellant filed his *pro se* notice of appeal on December 30, 2024, more than 30 days after the court denied *nunc pro tunc* relief on October 29, 2024, such that the appeal appears to be facially untimely. **See** Pa.R.A.P. 903(a). Nevertheless, the record indicates that Appellant was still represented by Attorney Jeffries at the time he submitted the instant petition seeking *nunc pro tunc* relief.[6] Notably, nothing in the record indicates that the clerk of courts forwarded Appellant's *pro se* petition to Attorney Jeffries. **See** Pa.R.Crim.P. 576(a)(4). Because Appellant was still represented by counsel at this time, his *pro se* petition is considered a legal nullity. **See Hopkins, supra**. Consequently, the court's order denying Appellant's petition would also constitute a legal nullity. **See Commonwealth v. Gooden**, No. 2213 EDA 2021 (Pa.Super. filed Feb. 2, 2023) (unpublished memorandum) (noting that if filing that initiated reinstatement of appellant's collateral appeal rights was nullity, then order granting reinstatement would likewise constitute nullity because court lacked any authority to consider it). **See also Commonwealth v. Braykovich**, 664

---

[5] **See** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions filed in this Court after May 1, 2019 for their persuasive value).

[6] Although Appellant had signed an acknowledgment that Attorney Jeffries was no longer representing him prior to submitting the September 25, 2024 petition, the court did not grant Attorney Jeffries' petition to withdraw until October 1, 2024, which post-dated Appellant's petition.

A.2d 133 (Pa.Super. 1995), *appeal denied*, 544 Pa. 622, 675 A.2d 1242 (1996) (stating breakdown in operations of court can excuse untimely filing of notice of appeal).

We further recognize that "the PCRA is intended to be the sole means of achieving post-conviction [collateral] relief." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa.Super. 2013). Thus, "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition." **Commonwealth v. Torres**, 223 A.3d 715, 716 (Pa.Super. 2019).

Here, Appellant's *pro se* petition seeking *nunc pro tunc* relief appears to allege ineffective assistance of counsel based on the failure to file a direct appeal. This claim is cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii). Additionally, it is unclear whether Appellant is entitled to court-appointed counsel.[7] **See** Pa.R.Crim.P. 904(C) (stating that when defendant is unable to afford or otherwise procure counsel, judge shall appoint counsel to represent defendant on first PCRA petition). **See also Commonwealth v. Perez**, 799 A.2d 848 (Pa.Super. 2002) (explaining that even where PCRA petition is untimely on its face, indigent petitioner is entitled to appointment of counsel on his first PCRA petition to determine whether

---

[7] As previously stated, although Attorney Jeffries was privately retained, the record indicates that Appellant was represented by the Public Defender's Office in earlier proceedings.

petition is indeed untimely, and if so, whether any exception to time-bar requirements applies). Under these circumstances, the best resolution of this matter is to vacate and remand for the court to address Appellant's *pro se* petition for *nunc pro tunc* relief as a first PCRA petition and to assess Appellant's eligibility for appointed counsel. Accordingly, we strike the case from the argument list and vacate and remand for further proceedings consistent with this memorandum.

Order vacated. Case remanded for further proceedings. Case stricken from argument list. Jurisdiction is relinquished.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/17/2025