J-S10034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES YELVERTON :
:
Appellant : No. 1523 EDA 2022

Appeal from the Order Entered April 27, 2022
In the Court of Common Pleas of Delaware County
Criminal Division at Nos.: CP-23-CR-0007473-1977,
CP-23-MD-0004545-1978, CP-23-MD-0004546-1978,
CP-23-MD-0004549-1978, CP-23-MD-0004550-1978,
CP-23-MD-0004551-1978, CP-23-MD-0004559-1978,
CP-23-MD-0004560-1978, CP-23-MD-0004561-1978

BEFORE: PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY STABILE, J.: **FILED JUNE 30, 2023**

Appellant, James Yelverton, appeals from the order entered on April 27, 2022 by the Court of Common Pleas of Delaware County denying as untimely his motion to withdraw his guilty pleas.[1]  Upon review, we affirm.

The factual and procedural background of the instant appeal is not at issue here.  Briefly,

> [i]n December, 1978, [A]ppellant pled guilty to one charge of rape and sixteen charges of burglary and property offenses.  On two subsequent occasions he moved to withdraw his guilty pleas.  The motions were denied.  On July 13, 1979, [A]ppellant was sentenced on his guilty pleas to an aggregate twenty-one to forty-

---

[1] As it will be explained later, Appellant's "motion" is in fact Appellant's seventh Post Conviction Relief Act ("PCRA") petition, 42 Pa.C.S.A. §§ 9541-46.

two years['] imprisonment. Thereafter, he moved for reconsideration of the sentences. This motion also was denied.

On December 17, 1979, [A]ppellant filed a [Post Conviction Hearing Act[2] ("PCHA")] petition, *pro se*, challenging his sentences and the validity of his guilty pleas, and claiming that the trial court erred in not granting his petition to withdraw the pleas because the Commonwealth allegedly violated the plea bargain and because of ineffective assistance of counsel. New counsel was appointed to represent [A]ppellant. After hearing on the issues, the PCHA court found that the guilty pleas were voluntarily, intelligently and knowingly made and not induced as a result of the ineffective assistance of counsel. The trial court, however, granted [A]ppellant the right to appeal his judgments of sentence to the Superior Court *nunc pro tunc* due to the failure of trial counsel to timely perfect an appeal from the judgments of sentence. An appeal was taken[.]

*Commonwealth v. Yelverton*, No. 628 Philadelphia 1986, unpublished memorandum at *1-2 (Pa. Super. filed January 28, 1987).

On December 28, 1984, we affirmed the judgments of sentence. *See Commonwealth v. Yelverton*, No. 3555 Philadelphia 1982, unpublished memorandum (Pa. Super. filed December 28, 1984). As Appellant sought no additional review before our Supreme Court, Appellant's sentences became final on January 28, 1985.

---

[2] The PCHA was repealed in part, modified in part, and renamed the Post Conviction Relief Act ("PCRA"), effective April 13, 1988.

Following multiple unsuccessful PCRA petitions, on April 26, 2022, Appellant *pro se* filed a "Motion to Withdraw Guilty Pleas,"[3,4] which the lower court denied on April 27, 2022. This appeal followed.

There are several problems with the instant appeal. First, it appears that this appeal, which was filed on June 7, 2022, is untimely as it was not docketed within 30 days of the service of the order denying relief (*i.e.*, by June 3, 2022).[5]

The trial court record, however, reveals that Appellant filed with the trial court a notice of appeal on May 26, 2022. The clerk of courts, however, failed

_____

[3] In the underlying "motion," Appellant alleged ineffective assistance of trial counsel, which resulted in a denial of his right to a direct appeal. According to Appellant, trial counsel's error can be redressed by allowing him to withdraw his guilty pleas. **See** Motion to Withdraw Guilty Pleas, 4/26/22, at 2-3.

[4] It should be noted that on April 4, 2022, Appellant filed a PCRA petition, his sixth. On April 12, 2022, the PCRA court issued a notice of intent to dismiss Appellant's sixth PCRA petition pursuant to Pa.R.A.P. 907(1). It does not appear, however, that the PCRA court has entered a final order dismissing the April 12, 2022 PCRA petition.

In the meantime, on April 26, 2022, Appellant filed the underlying "motion," which the lower court denied the following day. It appears, therefore, that the instant "motion" was filed and disposed of while the previous PCRA petition was still pending. The PCRA court was not precluded from considering the underlying "motion" because of the pendency of Appellant's sixth PCRA petition. **See Commonwealth v. Montgomery**, 181 A.3d 359 (Pa. Super. 2018) (*en banc*) *appeal denied*, 647 Pa. 570, 190 A.3d 1134 (2018).

[5] The trial court docket shows that the April 27, 2022 order was mailed to Appellant on May 4, 2022 via first-class mail. Accordingly, the notice of appeal was due by June 3, 2022. **See** Pa.R.A.P. 105(b); Pa.R.A.P. 108(a)(1); Pa.R.A.P. 121(f), and Pa.R.A.P. 903(a).

to timely forward it to this Court, as required under Pa.R.A.P. 905(b), and decided instead to return it to Appellant.[6] Subsequently, on June 7, 2022, Appellant filed another notice of appeal from the April 27, 2022 order.

Given the June 3, 2022 deadline, the notice of appeal filed by Appellant on May 26, 2022, was timely filed, whereas the notice of appeal filed by Appellant on June 7, 2022, was untimely.

Because the delay in docketing the instant appeal was due to the clerk of courts' error and considering that Appellant filed a timely notice of appeal, we decline to find that the instant appeal violates Rule 903. *Commonwealth v. Valentine*, 928 A.2d 346, 349 (Pa. Super. 2007) ("Absent a breakdown in the operations of the court, [t]ime limitations on the taking of appeals are strictly construed and cannot be extended as a matter of grace."). *See also Stout v. Universal Underwriters Ins. Co.*, 421 A.2d 1047 (Pa. 1980) (Superior Court abused discretion in quashing appeal from decision rendered by the court of common pleas due to failure to transmit copy of notice of appeal, proof of service, and docketing fee to prothonotary of appellate court, where appeal was otherwise timely perfected in all respects). Accordingly, for the reasons stated above, the notice of appeal filed on June 7, 2022, is deemed timely filed.

_____

[6] The clerk of courts not only failed to forward the notice to this Court, but also apparently decided to return the notice to Appellant because the "numbers were wrong." *See* Trial Court docket entry for May 26, 2022.

- 4 -

Next, the June 7, 2022 *pro se* notice of appeal docketed in this Court contained nine trial court docket numbers in the caption,[7] which is consistent with the caption of the lower court's April 27, 2022 order.

It appears, therefore, that **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) is implicated here.[8] In **Walker**, which applies to all cases filed after June 1, 2018, our Supreme Court held that appellants are required to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket.

While at first glance the instant notice of appeal appears to violate **Walker**, there is an exception to the rule announced in **Walker** that applies here. In **Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super 2019), this Court concluded that a breakdown of the courts occurs when a PCRA court advises petitioners that they can pursue appellate review by filing a single notice of appeal, even though the order disposed of petitions pending at two separate docket numbers. **See also Commonwealth v. Larkin**, 235 A.3d 350, 352-54 (Pa. Super. 2020) (*en banc*) (reaffirming **Stansbury**).

Here, in its April 27, 2022 order, the lower court completely failed to advise Appellant of his appellate rights, an error far worse than the one

_____

[7] The caption of the May 26, 2022 notice of appeal also contained multiple trial court docket numbers.

[8] It is worth noting that on October 14, 2022, we issued a rule directing Appellant to show cause why the appeal should not be quashed in light of **Walker**. Appellant failed to file a response. On January 17, 2023, we entered an order discharging the rule to show cause.

sanctioned in **Stansbury**. In light of the foregoing, we conclude the error by the lower court constituted a breakdown in the court's operations, thus allowing us to proceed with Appellant's instant appeal. **See Stansbury**, **supra**; **Larkin**, **supra**.

Next, Appellant filed a "Motion to Withdraw Guilty Pleas," which the lower court, apparently, failed to treat as a PCRA petition.[9] Treating the underlying "motion" as a PCRA petition, the lower court should have determined the timeliness of the same as it would under the PCRA. It did not do so.

Under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of an untimely petition. **See**, **e.g.**, **Commonwealth v. Rienzi**, 827 A.2d 369, 371 (Pa. 2003).

---

[9] Regardless of how the pleading is titled, courts are to treat a pleading filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA. **See Commonwealth v. Torres**, 223 A.3d 715, 716 (Pa. Super. 2019). Here, Appellant appears to argue ineffective assistance of counsel, **see** Motion to Withdraw Guilty Pleas, 4/26/22, at 2-3, which is a claim cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(ii).

Appellant's judgments of sentence became final on January 28, 1985, 30 days after this Court affirmed his judgments of sentence, and the time for filing a petition for allowance of appeal with the Supreme Court of had Pennsylvania expired. Because Appellant filed the instant "motion" on April 26, 2022, his "motion" is facially untimely.[10]

Pennsylvania courts may consider an untimely petition if the appellant pleads and proves one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

A review of the "motion" and Appellant's brief reveals that Appellant never addressed the timeliness of the "motion" under the PCRA. Accordingly, given that the "motion" is facially untimely for purposes of the PCRA, and given that Appellant did not allege or prove the applicability of one the exceptions to the one-year time bar, we are unable to review the merits of his claims. *See* 42 Pa.C.S.A. § 9545(b)(1); *Commonwealth v. Woods*, 179 A.3d 37, 42 (Pa. Super. 2017) ("The petitioner bears the burden to plead and prove an applicable statutory exception. If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be

---

[10] We note that since Appellant's judgments of sentence became final prior to the effective date of 42 Pa.C.S.A. § 9545, Appellant had until January 16, 1997, to file his first PCRA petition. However, because Appellant filed the instant "motion" on April 26, 2022, it is manifestly untimely.

dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.").

Finally, it is worth mentioning that the claim raised here (ineffective assistance of trial counsel, which resulted in a denial of his right to a direct appeal) was addressed in connection with Appellant's first PCHA petition.

As noted above, the record shows that: (i) the PCHA court found that trial counsel was ineffective in connection with the untimely filing of the direct appeal; (ii) the PCHA court granted Appellant the right to appeal *nunc pro tunc* from his judgments of sentence, (iii) Appellant actually filed a *nunc pro tunc* direct appeal, and (iv) we affirmed the judgments of sentence. **Yelverton**, No. 3555 Philadelphia 1982, at *1; **Yelverton**, No. 628 Philadelphia 1986, at *1-2. Thus, to the extent Appellant argues ineffective assistance of counsel in connection with the filing of the direct appeal, Appellant was already granted relief. **Id.** To the extent Appellant argues that trial counsel's ineffectiveness prevented him from seeking and/or obtaining direct review from our Court, the claim is devoid of any merit as the record shows that he was able to seek and obtain direct review from this Court.

In light of the foregoing, we conclude, therefore, that the lower court correctly denied relief. Thus, albeit on other grounds, we affirm the order of the lower court denying Appellant relief. **See Commonwealth v. Charleston**, 94 A.3d 1012, 1028 (Pa. Super. 2014) (citation omitted) ("[W]e may affirm the PCRA court's decision on any basis.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2023