J-S31032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY REDMOND | : | |
| | : | |
| Appellant | : | No. 808 EDA 2024 |

Appeal from the PCRA Order Entered February 26, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005229-2005

BEFORE: BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED NOVEMBER 1, 2024**

Gregory Redmond ("Redmond") appeals pro se from the order entered by the Delaware County Court of Common Pleas dismissing his serial petition pursuant to the Post Conviction Relief Act ("PCRA").[1] Because Redmond filed an untimely PCRA petition and failed to establish an exception to the statutory time bar, we affirm.

On August 21, 2005, the Upper Darby Township Police Department arrested and charged Redmond with one count each of simple assault, aggravated assault, recklessly endangering another person, and possessing instruments of crime stemming from a domestic violence incident during which Redmond injured his wife. On November 14, 2005, Redmond pled guilty to

_____

[1] 42 Pa.C.S. §§ 9541-9546.

one count of simple assault. The same day, the trial court sentenced Redmond to three to twenty-three months of incarceration. Redmond did not appeal his judgment of sentence.

On December 16, 2011, Redmond filed, pro se, his first PCRA petition. The PCRA court appointed counsel, who subsequently filed a petition to withdraw and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc). On March 15, 2012, the PCRA court granted counsel's petition to withdraw and on September 20, 2012, issued notice of its intent to dismiss Redmond's PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On December 31, 2012, the PCRA court dismissed Redmond's PCRA petition. Redmond did not appeal the denial of his first PCRA petition.

Redmond's case remained dormant for over a decade until November 20, 2023, when he filed, pro se, the instant "Petition for a New Trial," which the PCRA court construed as a second PCRA petition. From what we can discern, Redmond appears to have alleged that the Upper Darby Township Police Department fabricated evidence against him, which improperly resulted in his guilty plea. **See generally** Petition for a New Trial, 11/20/2023. On December 5, 2023, the PCRA court issued a Rule 907 notice of its intent to dismiss Redmond's PCRA petition without a hearing. On December 21, 2023,

Redmond filed a pro se response to the Rule 907 notice. On February 26, 2024, the PCRA court dismissed Redmond's second PCRA petition.

This timely appeal followed. On appeal, although again difficult to discern, Redmond appears to raise the same claim that he did in his second PCRA petition—that the Upper Darby Township Police Department fabricated evidence against him and consequently, his guilty plea was improper. *See generally* Redmond's Brief.

Prior to addressing the merits of Redmond's claim, the threshold question we must address is whether he timely filed his second PCRA petition or, alternatively, whether he satisfied an exception to the statutory time bar.[2] *See Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) ("Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed.") (quotation marks and citation omitted). "The

_____

[2] The PCRA court properly construed Redmond's "Petition for a New Trial" as his second PCRA petition. The law provides that any request for relief filed after an appellant's judgment of sentence becomes final must be treated as a PCRA petition if the issue is cognizable under the PCRA. *Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022); *see also Commonwealth v. Torres*, 223 A.3d 715, 716 (Pa. Super. 2019) (stating that "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition"); 42 Pa.C.S. § 9542 (defining the PCRA as "the sole means of obtaining collateral relief … encompass[ing] all other common law and statutory remedies for the same purpose that exist"). Our review of Redmond's filings suggests that he is contending that his guilty plea was unlawfully induced by the fabrication of evidence, a claim that is cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(iii).

timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Id.* (quotation marks and citation omitted); *see also Commonwealth v. Fantauzzi*, 275 A.3d 986, 994 (Pa. Super. 2022) ("the timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

The PCRA sets forth the following mandates governing the timeliness of any PCRA petition:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

Redmond's judgment of sentence became final on December 14, 2005, after the time to file a direct appeal expired. *Id.* § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); *see also* Pa.R.A.P. 903(a) (stating that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). Therefore, the instant PCRA petition, filed on November 20, 2023, is facially untimely.

Additionally, Redmond failed to allege, let alone prove, any exceptions to the one-year time bar. *See generally* Petition for a New Trial, 11/20/2023; Redmond's Brief. Accordingly, the PCRA court did not have jurisdiction to decide the merits of Redmond's PCRA petition and we likewise lack jurisdiction to consider the claims he raised on appeal. "Without jurisdiction, we simply do not have the legal authority to address the

substantive claims" of a PCRA petition.[3]  ***Commonwealth v. Derrickson***,

923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/1/2024

_____

[3]  We additionally note that to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime[.]"  42 Pa.C.S. § 9543(a)(1)(i).  Additionally, this Court has held "that the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence."  ***Commonwealth v. Williams***, 977 A.2d 1174, 1176 (Pa. Super. 2009).  In this case, the trial court sentenced Redmond to three to twenty-three months on November 14, 2005.  Thus, Redmond's sentence expired no later than October 14, 2007.  Accordingly, as Redmond's sentence has long since expired, he cannot be eligible for relief under the PCRA.  ***See*** 42 Pa.C.S. § 9543(a)(1)(i).