J-A13011-25
J-A13012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JEFFREY TAYLOR :
:
Appellant : No. 801 WDA 2024

Appeal from the PCRA Order Entered June 12, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000812-1996

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JEFFREY TAYLOR :
:
Appellant : No. 802 WDA 2024

Appeal from the PCRA Order Entered June 12, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000104-1996

BEFORE: BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED: May 6, 2025**

Jeffrey Taylor appeals from the orders dismissing his "Motion[s] for New

Sentencing Order for Time Credit," which the court treated as untimely serial

petitions filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

This Court previously summarized the factual background underlying

these cases as follows:

[O]n November 9, 1995, Appellant and his cohorts, Anthony Martin and Paris James, met in the Hill District section of the City of Pittsburgh and decided to rob a jitney driver. The trio then came upon the victim at a jitney station and hired him to take them to another part of the Hill District. While driving to that location, James pulled out a shotgun and ordered the victim to stop the car and exit the vehicle. Appellant and Martin then ordered the victim into the trunk of the car. Following a brief struggle, Appellant and Martin forced the victim into the trunk. The trio drove to a gas station in the Oakland section of Pittsburgh. At the gas station, James held a shotgun on the attendants while Appellant and Martin robbed them of $60. Following the robbery, James and Martin dropped Appellant off and then drove to a ballfield where the victim was shot [six] to [eight] times in the head and body. In his statement to police, Appellant stated that he knew that the victim was going to be killed because he knew of a previous incident of a similar nature where James and Martin robbed a jitney driver, put him in the trunk, and killed him.

***Commonwealth v. Taylor***, 174 A.3d 92, 2017 WL 2684570 at *1 (Pa.Super. 2017) (unpublished memorandum) (cleaned up).

As a result of these acts, the Commonwealth charged Appellant at CR-104-1996 with one count of involuntary manslaughter and at CR-812-1996 with one count each of robbery, robbery of a motor vehicle, kidnapping, and conspiracy. Following a consolidated jury trial as to both dockets, Appellant was convicted of all offenses. The trial court sentenced him to thirty to sixty months in prison for involuntary manslaughter, and a consecutive aggregate twenty to eighty years of incarceration on the remaining offenses.

Thereafter,

Appellant timely appealed the judgment[s] of sentence, contending, among other things, that the sentence . . . imposed for involuntary manslaughter violated the then-applicable sentencing guidelines. A panel of this Court agreed and, on July 30, 1999, remanded the matter to the trial court for resentencing

on the involuntary manslaughter conviction. Following remand, and for reasons unknown, [on September 22, 1999,] the trial court imposed no additional sentence on the involuntary manslaughter conviction. Therefore, Appellant received an aggregate term of imprisonment of [twenty] to [eighty] years. At this point, Appellant sought no further direct review.

**Id**. (some capitalization altered).

Since then, Appellant has filed multiple PCRA petitions, none of which garnered him relief. Relevant here, on September 18, 2023, he filed the instant identical motions at each underlying criminal case. Appellant asserted that the trial court erred by failing to award credit for the period spent incarcerated on an unrelated offense in light of the court's imposition of no further penalty for involuntary manslaughter. **See** Motion for New Sentencing Order for Time Credit, 9/18/23, at 3. Notably, the motions did not address the PCRA or purport to raise any of its timeliness exceptions.

Treating the filings as untimely serial PCRA petitions, the court appointed counsel, who filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The court then issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant responded, arguing that his attorney misunderstood the nature of his credit claim and that, if relief was not available pursuant to the PCRA, his motions should be treated as *habeas* petitions. The court ultimately granted counsel's application to withdraw and dismissed the motions without a hearing through a single order entered in both criminal cases on June 12, 2024.

- 3 -

Appellant timely filed *pro se* notices of appeal in both matters. The PCRA court directed Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b), and he complied.[1] The court issued a single Rule 1925(a) opinion explaining its rationale for dismissal. In this Court, Appellant filed matching briefs.

Appellant presents three issues for our review:

I. Did the trial court error [*sic*] in not applying time credit served under [CR-]812-1996, since time served under [CR-]104[-1996] was vacated?

II. Did the t[ri]al court error [*sic*] by not applying an "effective date" pursuant to Pa.R.Crim.P. 1406, because Appellant's crime happen[ed] in 1995 under *ex post f[a]cto*, and not new [Pa.R.Crim.P.] 705?

III. Whether the trial court abused its discretion, when Appellant contacted the court about the Department of Correction[s] not following the sentencing order effective date of March 30, 1998, but started his sentences seven years later on December 10, 2005?

Appellant's brief at 6 (cleaned up).

Initially, we must first consider whether the court properly treated Appellant's motions as being filed pursuant to the PCRA. In that vein, we have stated that "[i]t is well-settled that the PCRA is intended to be the sole means

---

[1] We remind the PCRA court that it must include in every Rule 1925(b) order, *inter alia*, indication of the following: (1) the place the appellant can serve the statement on the judge in person, (2) the address to which the appellant can mail the statement, and (3) that the appellant's failure to include an issue in the statement **shall** result in waiver. *See* Pa.R.A.P. 1925(b)(3) (emphasis added).

of achieving post-conviction relief." ***Commonwealth v. Larkin***, 235 A.3d 350, 355 (Pa.Super. 2020) (*en banc*) (citation omitted). "Regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA." ***Commonwealth v. Hagan***, 306 A.3d 414, 421-22 (Pa.Super. 2023) (citation omitted); ***see also Commonwealth v. Torres***, 223 A.3d 715, 716 (Pa.Super. 2019) (reiterating that "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition" (citations omitted)).

In his motions, Appellant requested that he be awarded time credit. This Court has long recognized that a "challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence. Issues concerning the legality of sentence are cognizable under the PCRA." ***Commonwealth v. Beck***, 848 A.2d 987, 989 (Pa.Super. 2004) (citations omitted). Additionally, while illegal sentencing issues cannot be waived, they nonetheless must be presented in a timely petition or under an exception for the court to have jurisdiction to review them. ***See***, ***e.g.***, ***Commonwealth v. Laird***, 331 A.3d 579, 594 (Pa. 2025) (recounting that "the PCRA's time-bar also applies to claims that the underlying sentence is illegal"). Since the relief Appellant sought in his motions was within the purview the PCRA, it did not matter what Appellant titled his filings; they were subject to the strictures of the PCRA. ***See Hagan***, 306 A.3d at 421-22. We

therefore conclude that the court properly treated the underlying motions as PCRA petitions.

Accordingly, we next address the propriety of the PCRA court's dismissal orders. "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. We apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Wharton**, 263 A.3d 561, 567 (Pa. 2021) (cleaned up).

Before turning to the merits of Appellant's claims, we must determine whether his petitions were timely, since neither this Court nor the PCRA court has jurisdiction to consider an untimely PCRA petition. **See Commonwealth v. Ballance**, 203 A.3d 1027, 1030-31 (Pa.Super. 2019). In this respect, the PCRA provides as follows:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b). Any petitioner invoking one of these exceptions must file a petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Additionally, the petitioner "bears the burden of pleading and proving an applicable statutory exception." *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa.Super. 2018).

In docket number CR-812-1996, Appellant's judgment of sentence became final on August 30, 1999, thirty days after this Court affirmed it and he did not seek further review. *See* 42 Pa.C.S. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Regarding the judgment of sentence imposed at CR-104-1996, that became final on October 22, 1999, thirty days after the trial court on remand imposed no further penalty with respect to the conviction for involuntary manslaughter. There is no dispute that the instant petitions were facially untimely when filed over two decades later. Therefore, Appellant was required to plead and prove one of the enumerated exceptions to the PCRA's time-bar before the court could consider the merits of his claims.

The PCRA court found that Appellant neglected to do so. Specifically, it stated that Appellant "does not make any argument for the application of any of the exceptions. There has been no attempt to explain the basis for raising these issues twenty years after the expiration of the applicable deadline."

PCRA Court Opinion, 11/28/24, at unnumbered 5. Thus, the court concluded that it properly dismissed the petitions as untimely.

Upon review of the certified record, we agree with the court that Appellant did not articulate or raise in his petitions any of the PCRA's timeliness exceptions, or otherwise take any steps to overcome that jurisdictional hurdle. Nor did he seek leave to amend in order to articulate a timeliness exception after the court notified him that it intended to treat his filings as PCRA petitions. Since Appellant did not meet his burden, we conclude that his serial PCRA petitions were untimely and that both we and the PCRA court lack jurisdiction to consider the merits of the arguments raised therein.[2] *See Ballance*, 203 A.3d at 1031. Accordingly, we affirm the PCRA court's orders.

Orders affirmed.

---

[2] Moreover, assuming *arguendo* that Appellant's petition filed at docket number CR-104-1996 was timely, he still would not be eligible for PCRA relief. The record confirms that he was no longer serving a sentence at the time of filing, as the trial court imposed no further penalty for the involuntary manslaughter conviction in 1999. *See Commonwealth v. Davis*, 326 A.3d 988, 993 (Pa.Super. 2024) ("The bottom line is that if a petitioner's PCRA claim assails a particular conviction, pursuant to the plain language of [42 Pa.C.S.] § 9543(a)(1), the petitioner must be serving or waiting to serve a sentence for that conviction in order to be eligible for relief on that claim.").

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 5/6/2025